1  Richard F. Holley, Esq. (NV Bar No. 3077)
   Email: rholley@nevadafirm.com
2  Mary Langsner, Ph.D. (NV Bar No. 13707)          E-filed on: March 26, 2020
   Email: mlangsner@nevadafirm.com
3  HOLLEY DRIGGS
   400 South Fourth Street, Third Floor
4  Las Vegas, Nevada 89101
   Telephone:    702/791-0308
5  Facsimile:    702/791-1912
   *Attorneys for United Artists Corporation*

6

7                **UNITED STATES BANKRUPTCY COURT**

8                      **DISTRICT OF NEVADA**

9  In re:                                    Case No. 19-17165-ABL
                                             Chapter 7
10 JAMES PAUL SCHRAMM, AND RENELYN
   GUILLERMO SCHRAMM,
11
               Debtors.
12

13 UNITED ARTISTS CORPORATION,               Adv. No.

14               Plaintiff,                   **COMPLAINT OBJECTING TO
                                             DISCHARGEABILITY OF
15      vs.                                  INDEBTEDNESS PURSUANT TO
                                             11 U.S.C. § 523(a)(6)**
16 JAMES PAUL SCHRAMM,

17               Defendant.                   Judge: Hon. August B. Landis

18

19      United Artists Corporation ("UAC"), by and through its undersigned counsel Richard F.

20 Holley, Esq. and Mary Langsner, Ph.D. of the law firm Holley Driggs, hereby files its Complaint

21 Objecting to Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6) ("Complaint").  This

22 Complaint asks the Court to find that all indebtedness owed to UAC by debtor James Paul

23 Schramm ("Mr. Schramm" or "Debtor") is excepted from discharge under 11 U.S.C. § 523(a)(6)

24 for Mr. Schramm causing and having caused willful and malicious injury to UAC and UAC's

25 intellectual property.  This Complaint is brought pursuant to 11 U.S.C. § 523(a)(6) and FED. R.

26 BANKR. P. 7001(6) and alleges as follows:

27 . . .

28 . . .

13900-01/2414140_4.docx

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the adversary proceeding commenced by the filing of this Complaint pursuant to 28 U.S.C. §§ 1334 and 157, and Local Rule of Bankruptcy Practice of the United States District Court for the District of Nevada ("LR") 1001(b)(1).

2.      The adversary proceeding commenced by the filing of this Complaint is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (I), and (O).

3.      Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This adversary proceeding is commenced in connection with the pending chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the District of Nevada of debtors James Paul Schramm (Mr. Schramm, defined *supra*) and Renelyn Guillermo Schramm ("Mrs. Schramm"), Case No. 19-17165-ABL (the "Bankruptcy").

5.      In accord with LR 7008, UAC hereby states that it consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**PARTIES**

6.      UAC is a Delaware corporation, having its principal place of business in Beverly Hills, California.

7.      Defendant and Debtor James Paul Schramm is an individual and a resident of the State of Nevada.

**GENERAL ALLEGATIONS**

8.      UAC is prosecuting a federal trademark infringement, trademark dilution, cyberpiracy, and unfair competition action pending in the United States District Court for the Central District of California (the "California Court"), as Case No. 2:19-cv-00828-MWF-MAA (the "Trademark Infringement Action"), against Mr. Schramm and certain of his closely held entities, namely, United Artist Studios LLC ("UA Studios"), United Artist Film Festival LLC ("UA Festival"), XLI Technologies Inc. ("XLI") and XLI41 L.L.C. ("XLI41") (collectively with UA Studios, UA Festival, and XLI, the "Corporate Entities").

- 2 -

13900-01/2414140_4.docx

9.    Upon information and belief, Mr. Schramm is the principal of each of the Corporate Entities.

10.    Upon information and belief, Mr. Schramm controls each of the Corporate Entities.

11.    On information and belief, the Corporate Entities operate as agents for each other and/or are affiliates of each other.

**INFRINGING MISCONDUCT**

12.    UAC—including its predecessor entities, all operating under the UNITED ARTISTS mark—is one of Hollywood's oldest and most venerated producers and distributors of entertainment content.  It was founded in February 1919 by industry legends D.W. Griffith, Charlie Chaplin, Mary Pickford, and Douglas Fairbanks.  Throughout its storied history, UAC has produced and distributed films, television programs, and related entertainment products, and also have been involved continuously in motion picture and television financing, production, and distribution services.

13.    UAC has produced or distributed many of cinema's greatest masterpieces and commercial successes.  Twelve of UAC's motion pictures have won the Academy Award for best picture,[1] and twenty of UAC's motion pictures are listed in the American Film Institute's 2007 list of the 100 greatest American films.[2]  Since 2000, UAC has released a number of box office successes, including *Valkyrie* ($200 million), *Hot Tub Time Machine* ($64.5 million), *Lions for Lambs* ($63 million), *Jeepers Creepers* ($59 million), *Jeepers Creepers 2* ($63 million), *Bowling for Columbine* ($58 million), and *Hotel Rwanda* ($33 million).  In addition, UAC has produced several hit television series, including *Outer Limits* and *Rat Patrol*.  More recently, the hit

---

[1] *Rebecca* (1940), *Marty* (1955), *Around the World in 80 Days* (1956), *The Apartment* (1960), *West Side Story* (1961), *Tom Jones* (1963), *In the Heat of the Night* (1967), *Midnight Cowboy* (1969), *One Flew Over the Cuckoo's Nest* (1975), *Rocky* (1976), *Annie Hall* (1977), and *Rain Man* (1988).

[2] *Raging Bull* (No. 4, 1980), *City Lights* (No. 11, 1931), *The Graduate* (No. 17, 1967), *The General* (No. 18, 1926), *Some Like it Hot* (No. 22, 1959), *High Noon* (No. 27, 1952), *One Flew Over the Cuckoo's Nest* (No. 33, 1975), *Annie Hall* (No. 35, 1977), *Midnight Cowboy* (No. 43, 1969), *West Side Story* (No. 51, 1961), *Rocky* (No. 57, 1976), *The Gold Rush* (No. 58, 1925), *Network* (No. 64, 1976), *The African Queen* (No. 65, 1951), *In the Heat of the Night* (No. 75, 1967), *Modern Times* (No. 78, 1936), *The Apartment* (No. 80, 1960), *Easy Rider* (No. 84, 1969), and *12 Angry Men* (No. 87, 1957).

13900-01/2414140_4.docx

television shows *Survivor*, *Shark Tank*, and *The Voice* were produced under the UNITED ARTISTS MEDIA GROUP mark during the 2015-2016 season.  Even more recently, on February 5, 2019, Metro-Goldwyn-Mayer Studios Inc. ("MGM"), UAC's parent company, and Annapurna Pictures announced that they were expanding their theatrical distribution joint venture and rebranding it UNITED ARTISTS RELEASING.  Additionally, since the filing of the complaint in the Trademark Infringement Action, United Artists Releasing ("UAR") released several films in 2019 (*e.g.*, *Fighting With My Family*, *The Hustle*, *Child's Play*, *Booksmart*, *The Addams Family*), and UAR plans to release a number of other films in 2020 and beyond, including the new James Bond film *No Time to Die* (now scheduled for release in November 2020) and the Aretha Franklin biopic *Respect* starring Jennifer Hudson (scheduled for release during the 2020 holiday season).  Thus, UAC, itself and through its related companies, continues to actively use the UNITED ARTISTS Marks.

14.    Since 2009, the UAC motion picture library has collectively grossed more than $5.3 billion.

15.    UAC and its licensees have undertaken the foregoing activities under the UNITED ARTISTS mark or versions thereof (the "UNITED ARTISTS Marks"), and, consequently, UAC owns common law rights in and federal registrations of the following UNITED ARTISTS Marks:

| Mark | Reg. No. | Class and Goods/Services | Reg. Date |
|---|---|---|---|
| UNITED ARTISTS | 1,624,112 | Class 41:  Entertainment services – namely production and distribution of motion pictures | Nov. 20, 1990 |
|  | 1,625,273 | Class 41:  Entertainment services – namely production and distribution of motion pictures | Nov. 27, 1990 |
|  | 2,091,641 | Class 9:  pre-recorded video tapes and video discs and motion picture films whose subject matter is entertainment, namely, action adventure, comedy, drama, literary, historical, biographical and suspense themes; cartoons | Aug. 26, 1997 |

- 4 -

| Mark | Reg. No. | Class and Goods/Services | Reg. Date |
|---|---|---|---|
| | | Class 16: posters, film guides, film programs and books whose subject matter covers all topics related to motion picture films, including the history thereof and individuals featured in motion pictures<br><br>Class 41: entertainment services, namely, production and distribution of motion pictures | |
| UA | 3,431,329 | Class 9: Motion picture films featuring entertainment, namely, action adventures, dramas, comedies, romances, science fiction, horror and mysteries; pre-recorded video discs and DVDs featuring entertainment<br><br>Class 41: Entertainment services, namely, production and distribution of a series of theatrical motion pictures; providing a website featuring motion pictures and television programming | May 20, 2008 |
| UNITED ARTISTS MEDIA GROUP | 4,856,577 | Class 41: Entertainment services, namely, production and distribution of motion pictures | Nov. 17, 2015 |
| UNITED ARTISTS MEDIA GROUP | 4,856,615 | Class 41: Entertainment services, namely, production and distribution of television programming | Nov. 17, 2015 |
|  UNITED ARTISTS MEDIA GROUP | 4,856,661 | Class 41: Entertainment services, namely, production and distribution of motion pictures, television programs and Internet programming | Nov. 17, 2015 |

16.     Upon information and belief, beginning in or around August of 2018, and as detailed in the attached **Exhibit "1"** hereto (operative complaint in the Trademark Infringement Action), Mr. Schramm committed trademark infringement, cyberpiracy, unfair competition, and trademark dilution injurious to UAC and its intellectual property (collectively, the "Schramm Bad Acts").

17.     Upon information and belief, beginning in or around August of 2018, and as detailed in the attached **Ex. 1** hereto, Mr. Schramm directed and/or caused the Corporate Entities

- 5 -

to commit federal trademark infringement, cyberpiracy, unfair competition, and trademark dilution injurious to UAC and its intellectual property (collectively, the "Corporate Entities Bad Acts"; together with the Schramm Bad Acts, the "Infringing Misconduct").

18.    Mr. Schramm willfully and maliciously injured UAC and/or UAC's intellectual property by committing wrongful acts, done intentionally, that necessarily caused injury, were done without just cause or excuse, and in connection with which Mr. Schramm possessed a subjective motive to inflict injury and/or believed that injury was substantially certain to result from such conduct—which acts, actions, and conduct ultimately resulted in the California Court issuing the Schramm TRO, the Schramm Injunction, and the Amended Schramm Injunction[3] (collectively, the "Schramm Misconduct") (together with the Infringing Misconduct, the "Willful and Malicious Misconduct").

19.    Mr. Schramm and the Corporate Entities used marks and trade names confusingly similar to the UNITED ARTISTS Marks—specifically,  the marks UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL and the trade names United Artist Studios LLC and United Artist Film Festival LLC—in conjunction with services offered in the motion picture and entertainment industry, all without UAC's approval, license, or consent.

20.    On information and belief, one of the Corporate Entities—UA Studios—operated a website on the URL www.unitedartiststudios.com (the "UA Website"), on which UA Studios prominently used the UNITED ARTIST STUDIOS mark and expressly claimed trademark rights in both UNITED ARTISTS STUDIOS and UNITED ARTIST FILM FESTIVAL and identified itself as "a motion picture entertainment company[.]"

21.    After receiving the Sept. 7 Cease and Desist, as defined *infra*, Schramm, upon information and belief, caused UA Studios to replace the words "a motion picture entertainment company" on the UA Website with the words, "a multi-media entertainment film studio and conglomerate[.]"

. . .

---

[3] As those terms are defined herein *infra*.

22.    On information and belief, UA Festival operated a website on the URL www.unitedartistfilmfestival.com (the "UA Festival Website"), on which UA Festival prominently used the UNITED ARTIST FILM FESTIVAL mark to market and promote a film festival.  The UA Festival Website stated that "Production support and Theatrical Distribution provided by XLI41" and "Media support provided by United Artist Studios[.]"

23.    On the "Submit & Register" page of the UA Festival Website, UA Festival solicited filmmakers to submit their feature films, documentary and short films, theatrical trailers, and music videos for consideration in the UNITED ARTIST FILM FESTIVAL.  Entry fees ranged from $50 to $200, and PayPal links were provided for payment.  Pursuant to subpoenas served by UAC in the Trademark Infringement Action, third parties have produced to UAC proof of PayPal payments made to Mr. Schramm and/or the Corporate Defendants to participate in the film festival.

24.    On information and belief, the UA Festival Website was intentionally and thoroughly misleading as to the film festival's legitimacy.

25.    UA Festival stated on the UA Festival Website that it is "the only film festival that guarantees a commercial studio level theatrical distribution deal (release) for ALL winners (1st, 2nd and 3rd place)"—and that it "will broadcast [its] annual event on several national and international TV networks reaching America as well as 120 other countries" and that the event will be on December 14, 2018.  However, UAC has not been able to uncover any evidence of an award ceremony event ever taking place, much less being broadcast in the manner or scope stated by UA Festival.  Notably, the UA Festival Website did not include information as to when or on which networks the film festival was scheduled to air.

26.    The UA Festival Website stated that "all finalist [sic] will be listed here by [February] 1, 2019" and that "2018 winners will be announced [February] 3, 2019," but as of February 4, 2019 the UA Festival Website did not identify finalists or winners of the purported film festival.  Instead, winners of the purported film festival were only identified on the UA Festival Website after UAC filed its initial complaint initiating the Trademark Infringement Action.

. . .

- 7 -

27.    The UA Festival Website stated that the film festival "is backed and supported by major executives and companies that facilitate major studio releases.  This support teams [sic] experience has a combined average of over 20 years of major studio production, distribution, media and marketing.  They have been part of and facilitated an estimated combined average of over 30 billion dollars in business from producing and releasing motion pictures to America, Canada and the world."  Although the UAFF Website advised that "[a]ll members of our support team will remain confidential until our first award ceremony 'The UA Event,'" none of the backers have been revealed publicly on the UAFF Website.  Moreover, in discovery in the Trademark Infringement Action, UA Festival admitted there was no such "support team."

28.    UA Festival's promotional videos for the film festival distributed through YouTube included footage from motion pictures featuring Dwayne Johnson, Tom Hanks, and Tom Cruise. Likewise, an earlier iteration of the UA Festival Website included images of numerous well-known actors including Tom Cruise, Vin Diesel, Brad Pitt, Chris Pratt, Dwayne Johnson, Jamie Foxx, Benedict Cumberbatch, and Denzel Washington.  Neither Mr. Schramm nor the Corporate Entities have produced any documents in discovery in the Trademark Infringement Action indicating that they used the foregoing footage or images with the permission of the relevant rights holders.

29.    Mr. Schramm and the Corporate Entities' unauthorized use of marks and trade names confusingly similar to the UNITED ARTISTS Marks has resulted in actual consumer confusion.  Namely, participants in the film festival believed that the film festival was affiliated with UAC when, in fact, it was not.

30.    Mr. Schramm, individually and acting through his Corporate Entities, has used in commerce, without UAC's permission or authorization, marks confusingly similar to the UNITED ARTISTS Marks—specifically, the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks—in a manner that is likely to cause confusion with respect to the source and origin of services and is likely to cause confusion or mistake and to deceive purchasers as to UAC's affiliation, connection, or association with, or approval or sponsorship of, Mr. Schramm individually and/or his Corporate entities, affiliated businesses and/or services.

. . .

- 8 -

31.     The acts of Mr. Schramm, individually and through his Corporate Entities, constitute infringement of the UNITED ARTISTS Marks in violation of 15 U.S.C. § 1114.

32.     As a direct and proximate result of the wrongful acts of Mr. Schramm, individually and acting through his Corporate Entities, UAC has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  Mr. Schramm, individually and acting through his Corporate Entities, will continue to use, unless restrained, the UNITED ARTISTS Marks or marks confusingly similar thereto, and will cause irreparable damage to UAC.

33.     Mr. Schramm, individually and acting through his Corporate Entities, has used marks and trade names confusingly similar to the UNITED ARTISTS Marks—specifically, the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks and the United Artist Studios LLC and United Artist Film Festival LLC trade names—in conjunction with the businesses and the offering of services in the motion picture or entertainment industry constituting false designations of origin and false and misleading descriptions and representations of fact, which, as alleged herein, are likely to cause confusion, cause mistake, or deceive as to (i) the affiliation, connection, or association of Mr. Schramm (individually and/or through his Corporate Entities) with UAC or (ii) the origin, sponsorship, or approval by UAC of Mr. Schramm's, and/or his Corporate Entities', services or commercial activities in violation of 15 U.S.C. § 1125(a).

34.     As a direct and proximate result of the wrongful acts of Mr. Schramm, individually and/or through his Corporate Entities, UAC has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, trade name, business reputation, and goodwill.  Mr. Schramm individually and/or through his Corporate Entities will continue, unless restrained, to conduct his business and offer services using the UNITED ARTISTS Marks or other trademarks or trade names confusingly similar thereto and will cause irreparable damage to UAC.

35.     The use by Mr. Schramm, individually and/or through his Corporate Entities, of the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks is likely to dilute by blurring and/or tarnishment the distinctive quality of the UNITED ARTISTS Marks in violation of 15 U.S.C. § 1125(c).

. . .

- 9 -

36.     The acts complained of herein (the Willful and Malicious Misconduct by Mr. Schramm individually and/or through his Corporate Entities) are likely to irreparably damage UAC.  The damage to UAC includes harm to its trademarks, goodwill, and reputation.

37.     Mr. Schramm, acting individually and/or through his Corporate Entities, registered, is trafficking in, and is using the domain names www.unitedartiststudios.com and www.unitedartistfilmfestival.com, both of which are confusingly similar to the UNITED ARTISTS Marks.

38.     As of the date that Mr. Schramm, acting individually and/or through his Corporate Entities, registered and began trafficking in and using the domain names www.unitedartiststudios.com and www.unitedartistfilmfestival.com, the UNITED ARTISTS Marks were distinctive and the UNITED ARTISTS Marks were famous.

39.     As a direct and proximate result of the wrongful acts by Mr. Schramm, acting individually and/or through his Corporate Entities, UAC has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  Mr. Schramm, acting individually and/or through his Corporate Entities, will continue, unless restrained, to conduct business and offer services using the UNITED ARTISTS Marks or other trademarks confusingly similar thereto in the subject domain names and will cause irreparable damage to UAC.

40.     UAC is entitled to recover from Mr. Schramm the actual damages that UAC has sustained, is sustaining, and/or is likely to sustain as a result of these wrongful acts. UAC is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of the Willful and Malicious Misconduct.

41.     Because of the willful nature of the actions of Mr. Schramm individually and/or through his Corporate Entities, UAC is further entitled to recover from Mr. Schramm the gains, profits, and advantages obtained as a result of the wrongful acts.

42.     Because of the willful nature of the wrongful acts of Mr. Schramm, acting individually or through his Corporate Entities, UAC is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

13900-01/2414140_4.docx

43.    Pursuant to 15 U.S.C. § 1117, UAC is entitled to recover its costs of suit, and its attorneys' fees because this is an exceptional case because of, *inter alia*, the willful nature of the wrongful acts of Mr. Schramm, acting individually or through his Corporate Entities.

**MR. SCHRAMM REFUSED TO CEASE HIS UNLAWFUL CONDUCT BEFORE UAC COMMENCED THE TRADEMARK INFRINGEMENT ACTION**

44.    Prior to commencing the Trademark Infringement Action, UAC requested that Mr. Schramm and the Corporate Entities cease infringing upon UAC's intellectual property and amicably resolve the parties' dispute.

45.    On September 7, 2018, UAC, through outside counsel Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), issued a cease and desist letter to Mr. Schramm as the owner of UA Studios and UA Festival (the "Sept. 7 Cease and Desist").

46.    On September 7, 2018, Mr. Schramm responded with two emails to the Sheppard Mullin, profanely and baselessly contesting UAC's allegations and refusing its requests.

47.    Mr. Schramm also contacted the chairperson of Sheppard Mullin regarding its Sept. 7 Cease and Desist, even though the chairperson had no involvement in the representation of UAC.

48.    On September 27, 2018, UAC, through Sheppard Mullin, issued a letter directed to Mr. Schramm requesting his compliance with the Sept. 7 Cease and Desist and instructing him to direct his communications to counsel of record and not include profanity (the "Sept. 27 Letter").

49.    Within a matter of hours, Mr. Schramm emailed yet another vitriolic and expletive-laden response to Sheppard Mullin.

50.    On October 4, 2018, the operator of the email films@unitedartistfilmfestival.com (presumably Mr. Schramm) responded to the Sept. 27 Letter, denying UAC's claims and stating that UA Studios and UA Festival would not "cease and dismiss."

51.    Efforts to procure Mr. Schramm's, UA Studios', and UA Festival's consensual abatement of infringing activity were unsuccessful, forcing UAC to commence the Trademark Infringement Action.

52.    On February 5, 2019, UAC commenced the Trademark Infringement Action with the filing of a Complaint against UA Studios and UA Festival in the California Court.

13900-01/2414140_4.docx

53.    Mr. Schramm and the Corporate Entities did not cease their unlawful activities and continue to infringe and otherwise violate UAC's intellectual property rights.

54.    Rather, Schramm and the Corporate Entities escalated their infringement.

55.    Specifically, on February 8, 2019, and after UAC filed its complaint initiating the Trademark Infringement Action, Mr. Schramm, doing business as XLI, filed the following applications with the U.S. Patent & Trademark Office ("PTO"):

| Mark | Ser. No. | Class and Services | Alleged Date of First Use |
|------|----------|--------------------|--------------------------|
| UNITED ARTIST STUDIOS | 88/295,004 | 35: Advertising, marketing and promotion services | May 30, 2018 |
| UNITED ARTIST FILM FESTIVAL | 88/294,846 | 41: Entertainment services, namely, planning and conducting a series of film festivals | May 30, 2018 |

56.    The PTO refused registration of both applications based on a likelihood of confusion with certain of UAC's registrations of the UNITED ARTISTS Marks.

**THE CALIFORNIA COURT ISSUED A PRELIMINARY INJUNCTION TO PROHIBIT MR. SCHRAMM FROM INFRINGING UAC'S INTELLECTUAL PROPERTY**

57.    On March 26, 2019, UAC filed its First Amended Complaint in the Trademark Infringement Action (the "UAC Complaint") [Cal. ECF No. 17][4] adding Mr. Schramm and Corporate Entities XLI and XLI41.

58.    Shortly thereafter, on April 8, 2019, UAC filed and noticed its motion seeking a preliminary injunction against Mr. Schramm and his Corporate Entities [Cal. ECF No. 20] requesting, in part, that Mr. Schramm and his Corporate Entities "and, as applicable, each of their officers, directors, employees, agents, and representatives, be immediately prohibited and restrained from using any marks, names, designations, or signs confusingly similar to" UAC's intellectual property at issue.

---

[4] All references to "Cal. ECF No." are to the numbers assigned to the documents filed in the Trademark Infringement Action as they appear on the docket maintained by the District Court Executive/Clerk of Court of the California Court.

13900-01/2414140_4.docx

59.     On June 3, 2019, the California Court entered its Order Granting Plaintiff and Counter-defendant United Artists Corporation's Motion for Preliminary Injunction Against Defendants [Cal. ECF Nos. 41 and 42] (the "Trademark Injunction").   Among other things, the California Court held that "it is simply impossible to conclude that anyone in the entertainment industry does not" have knowledge of the UNITED ARTISTS Marks [Cal. ECF No. 41 at p. 22.]

60.     The Trademark Injunction **enjoined Mr. Schramm and his Corporate Entities** from, among other things, further infringing upon UAC's intellectual property at issue during the pendency of the Trademark Infringement Action.

**MR. SCHRAMM AND THE CORPORATE ENTITIES' COUNTERCLAIMS IN THE TRADEMARK INFRINGEMENT ACTION**

61.     On March 22, 2019, UA Studios and UA Festival filed an answer and counterclaim against UAC in the Trademark Infringement Action.  *See* Cal. ECF No. 14.

62.     On June 17, 2019, Schramm and his Corporate Entities filed an amended answer and second amended counterclaim against UAC [Cal. ECF No. 45], alleging nine causes of action against UAC, seven of which were brought by Schramm and his Corporate Entities and two of which were brought only on behalf of Mr. Schramm personally. The non-declaratory judgment counterclaims in the Trademark Infringement Action were dismissed by the California Court with prejudice.  The remaining counterclaims, all of which were declaratory in nature, were dismissed by Mr. Schramm and the Corporate Entities post-petition pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii) [Cal. ECF No. 119].

**MR. SCHRAMM REFUSES TO COMPLY WITH HIS DISCOVERY OBLIGATIONS AND MADE WILLFUL AND MALICIOUS THREATS AND HARASSMENT TO UAC AND ITS COUNSEL**

63.     On September 19, 2019, Mr. Schramm testified under oath before the California Court at an evidentiary hearing concerning his and the Corporate Entities' failure to produce documents responsive to UAC's discovery requests [Cal. ECF No. 73].  Based on Mr. Schramm's "at best, confusing and vague or, at worst, evasive and disingenuous" testimony [Cal. ECF No. 90], the Magistrate Judge ordered the appointment of an independent forensic expert to collect

information from Mr. Schramm's and the Corporate Entities' email records, phones, and computers [Cal. ECF No. 90-1] (the "Discovery Order").

64.    Mr. Schramm, individually and/or through his Corporate Entities, appealed the Discovery Order [Cal. ECF No. 93].[5]

65.    Mr. Schramm, individually and/or through his Corporate Entities, also sought a stay of the Trademark Infringement Action pending resolution of the Second Appeal [Cal. ECF No. 94], which request was denied by the Court [Cal. ECF No. 104].

66.    Mr. Schramm, individually and/or through his Corporate Entities, also separately sought to stay compliance with the Discovery Order [Cal. ECF No. 95], which request was also ultimately denied [Cal. ECF No. 104].

67.    Later, on October 18, 2019, and during the pendency of the Second Appeal, Mr. Schramm, individually and/or through his Corporate Entities, sought reconsideration of the Discovery Order (the "Reconsideration Order") [Cal. ECF No. 105].

68.    On December 18, 2019, and in light of the automatic stay, the Court denied as moot the Reconsideration Motion [Cal. ECF No. 126].

69.    Additionally, Mr. Schramm has displayed personal animus for UAC and its representatives, repeatedly harassing them and attempting to intimidate them to drop the Trademark Infringement Action.

70.    After the aforementioned hearing on September 19, 2019, Mr. Schramm harassed, threatened, and assaulted MGM's in-house counsel, Daniel Flores, at the Courthouse.  Mr. Schramm continued harassing and threatening Mr. Flores over the phone and by email (wherein he identified Mr. Flores' children by name and threatened him that "this is just the beginning.") and by posting defamatory information about Mr. Flores online.  Mr. Schramm repeatedly threatened to launch a nationwide advertising campaign to defame Mr. Flores.

71.    Mr. Schramm also registered domain names bearing the names of UAC's outside counsel at Sheppard Mullin in the Trademark Infringement Action—specifically Paul A. Bost and

---

[5] This appeal was later dismissed by the Ninth Circuit [Cal. ECF No. 121] for failure to prosecute.

Jill Pietrini—and thereon posted defamatory and profane content.  *See, e.g.*, Schedules in the Bankruptcy, ECF No. 1 at pp. 10, 11, and 13 of 74 (regarding Sheppard Mullin counsel Charles Barker, Jill M. Pietrini, and Paul Bost); *see also* ECF No. 1 at p. 25 of 74 (Schedule B Item 26, scheduling "URL's and Domain Names (See Attached List)").[6]

72.     On October 3, 2019, UAC filed an application for a temporary restraining order and preliminary injunction to immediately enjoin Mr. Schramm from continuing his threatening or harassing behavior that included (but was not limited to) the foregoing identified incidents [Cal. ECF No. 83].

73.     Declarations submitted by UAC in connection with requesting the temporary restraining order and injunction detail Mr. Schramm's harassment of counsel and employees of MGM and Sheppard Mullin.

74.     On October 4, 2019, the California Court issued a temporary restraining order in the Trademark Infringement Action enjoining Mr. Schramm from:

> (1) physically confronting MGM's counsel and employees after court hearings in this case; (2) making threatening or harassing phone calls to MGM's counsel and employees; (3) sending threatening or harassing emails or any other communications containing threatening or harassing content to MGM's counsel and employees; and (4) directing others to do any of the foregoing acts on Mr. Schramm's behalf.

*See* Cal. ECF No. 84 (the "Schramm TRO").

75.     On October 17, 2019, the California Court issued a preliminary injunction enjoining, among other things, ***Mr. Schramm's personal harassment of UAC*** [Cal. ECF No. 103] (the "Schramm Injunction").

**MR. SCHRAMM FILED BANKRUPTCY WHEN HIS THREATS AND HARASSMENT FAILED TO STOP THE LITIGATION WITH UAC**

76.     On November 5, 2019, UAC filed its application for contempt against Mr. Schramm for violating the Schramm TRO and the Schramm Injunction by "posting harassing

---

[6] All references to "ECF No." are to the numbers assigned to the documents filed in the Bankruptcy as they appear on the docket maintained by the Clerk of the Court of the United States Bankruptcy Court for the District of Nevada.

13900-01/2414140_4.docx

1    communications directed to Mr. Flores online while the TRO was in effect . . ." which included

2    making extortionate settlement offers and distributing defamatory posters outside of Mr. Flores'

3    office. *See* Cal. ECF No. 112; *see also* Cal. ECF No. 112-2; *see also* Cal. ECF No. 112-3.

4         77.    Mr. Schram's harassment included, among other things, posting an image of a

5    billboard mock-up on Facebook, with an accompanying link to one of Mr. Schramm's harassing

6    websites, containing a large photograph of Mr. Flores and text falsely claiming that Mr. Flores had

7    tried to take Mr. Schramm's company.

8         78.    At 6:57 p.m. later that same day, November 5, 2019, Mr. Schramm and Mrs.

9    Schramm filed a voluntary chapter 7 bankruptcy petition, commencing this Bankruptcy [ECF

10   No. 1].

11        79.    The California Court presided over contempt proceedings against Mr. Schramm

12   and ordered him to show cause why he should not be found in contempt of Court [Cal. ECF

13   No. 116] ("Order to Show Cause").

14        80.    The California Court conducted a hearing on its Order to Show Cause [Cal. ECF

15   No. 124] and issued an amended preliminary injunction amending the Schramm Injunction and

16   enjoining Mr. Schramm's harassing behavior [Cal. ECF No. 123] (the "Current Schramm

17   Injunction").

18        81.    Presently, there are two injunctions in effect in the Trademark Infringement Action:

19   the Trademark Injunction [Cal. ECF No. 42] and the Current Schramm Injunction [Cal. ECF

20   No. 123].

                                   **FIRST CAUSE OF ACTION**

          **(Objection to Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6))**

23        82.    UAC repeats, realleges, and incorporates by reference all preceding paragraphs of

24   this Complaint as though fully set forth herein.

25        83.    11 U.S.C. § 523(a)(6) provides:

26            A discharge under section 727, 1141, 1192 2 1228(a), 1228(b), or
              1328(b) of this title does not discharge an individual debtor from
27            any debt— . . . (6) for willful and malicious injury by the debtor to
              another entity or to the property of another entity[.]

28   . . .

                                          - 16 -

84.    Mr. Schramm actively and knowingly caused the Infringing Misconduct at issue in the Trademark Infringement Action.

85.    Mr. Schramm actively and knowingly caused the Willful and Malicious Misconduct at issue in the Trademark Infringement Action.

86.    The amount of indebtedness owed by Mr. Schramm to UAC is being litigated to judgment of a final, liquidated amount in the Trademark Infringement Action.

87.    Damages and attorney fees awarded in connection with willful and malicious trademark infringement are not dischargeable under 11 U.S.C. § 523(a)(6).

88.    The amount of indebtedness owed by Mr. Schramm to UAC is in connection with, *inter alia*, the Willful and Malicious Misconduct.

89.    Damages sought in connection with the Trademark Infringement Action include damages for willful and malicious injuries Mr. Schramm inflicted upon UAC and/or UAC's property including UAC's intellectual property (the Willful and Malicious Misconduct, defined *supra*).

90.    Damages sought in connection with the Trademark Infringement Action include damages for willful and malicious injuries Mr. Schramm directed and/or caused the Corporate Entities to inflict upon UAC and/or UAC's property including UAC's intellectual property, (the Willful and Malicious Misconduct, defined *supra*).

91.    The Willful and Malicious Misconduct was willful and malicious within the meaning of 11 U.S.C. § 523(a)(6).

92.    In committing the Willful and Malicious Misconduct, Mr. Schramm possessed a subjective motive to inflict injury to UAC and/or UAC's intellectual property.

93.    Upon information and belief, in carrying out the Willful and Malicious Misconduct, Mr. Schramm believed that injury to UAC's intellectual property and/or to UAC was substantially certain to result.

94.    Upon information and belief, in directing and/or causing the Corporate Entities to carry out the Willful and Malicious Misconduct, Mr. Schramm believed that injury to UAC and/or to UAC's property including UAC's intellectual property was substantially certain to result.

- 17 -

95.    Upon information and belief, the Willful and Malicious Misconduct constitutes wrongful acts performed by Mr. Schramm.

96.    Upon information and belief, the Willful and Malicious Misconduct constitutes wrongful acts performed by the Corporate Entities at Mr. Schramm's behest and direction.

97.    Upon information and belief, the Willful and Malicious Misconduct was carried out intentionally by Mr. Schramm.

98.    Upon information and belief, the Willful and Malicious Misconduct was carried out intentionally by the Corporate Entities at Mr. Schramm's behest and direction.

99.    The Willful and Malicious Misconduct necessarily caused injury to UAC and/or to UAC's property including UAC's intellectual property.

100.    The Willful and Malicious Misconduct was done without just cause or excuse.

101.    The indebtedness owed by Mr. Schramm to UAC is therefore non-dischargeable, as it is indebtedness for willful and malicious injury caused by Mr. Schramm within the meaning of 11 U.S.C. § 523(a)(6).

102.    In connection with the Willful and Malicious Misconduct, Mr. Schramm deliberately or intentionally injured UAC and/or UAC's intellectual property.

103.    In connection with the Willful and Malicious Misconduct, Mr. Schramm acted with a subjective motive to inflict injury to UAC and/or UAC's intellectual property.

104.    In connection with the Willful and Malicious Misconduct, Mr. Schramm acted with a belief that any injury was substantially certain to result from the Willful and Malicious Misconduct.

105.    Mr. Schramm's conduct was malicious because he committed wrongful act(s) that were done intentionally and without just cause or excuse and which necessarily caused injury to UAC and/or to UAC's property including UAC's intellectual property.

106.    Mr. Schramm's conduct was malicious because he directed and/or caused the Corporate Entities to commit wrongful act(s) that were done intentionally and without just cause or excuse and which necessarily caused injury to UAC and/or to UAC's property including UAC's intellectual property.

- 18 -

1

## **PRAYER**

WHEREFORE, UAC requests that judgment be entered in favor of UAC and against Mr. Schramm as follows:

1.     That this Court determine all indebtedness owed by Mr. Schramm to UAC in connection with the Trademark Infringement Action is not dischargeable in Mr. Schramm's Bankruptcy pursuant to 11 U.S.C. § 523(a)(6);

2.     For an award of attorney fees and costs of suit herein incurred by UAC, as determined by the Court;

3.     For such other and further relief as the Court deems just and proper.

Dated this 26th day of March 2020.

**HOLLEY DRIGGS**

  /s/ Richard F. Holley
Richard F. Holley, Esq. (NV Bar No. 3077)
Mary Langsner, Ph.D. (NV Bar No. 13707)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for United Artists Corporation*

HOLLEY DRIGGS

- 19 -

13900-01/2414140_4.docx

# EXHIBIT "1"

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    JILL M. PIETRINI (Cal. Bar No. 138335)
2      jpietrini@sheppardmullin.com
    PAUL A. BOST (Cal. Bar No. 261531)
3      pbost@sheppardmullin.com
    1901 Avenue of the Stars, Suite 1600
4     Los Angeles, California 90067-6017
    Telephone: (310) 228-3700
5     Facsimile: (310) 228-3701

6   Attorneys for Plaintiff and Counter-Defendant
    UNITED ARTISTS CORPORATION

7

8               UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

                  WESTERN DIVISION
10

11   UNITED ARTISTS CORPORATION,   |   Case No. 2:19-cv-00828-MWF-MAA
    a Delaware corporation,
12                           **FIRST AMENDED COMPLAINT**
             Plaintiff,        **FOR:**
13
           v.                    **(1) TRADEMARK INFRINGEMENT**
14                             **IN VIOLATION OF 15 U.S.C. §**
                            **1114;**
15   UNITED ARTIST STUDIOS LLC, a
    Nevada limited liability company;     **(2) FALSE DESIGNATION OF**
16   UNITED ARTIST FILM FESTIVAL        **ORIGIN IN VIOLATION OF 15**
    LLC, a Nevada limited liability        **U.S.C. § 1125(a);**
17   company; XLI TECHNOLOGIES
    INC., a revoked Nevada corporation;   **(3) TRADEMARK DILUTION IN**
18   XLI41 L.L.C., a Nevada limited        **VIOLATION OF 15 U.S.C.**
    liability company; JAMES P.          **§ 1125(c);**
19   SCHRAMM, an individual; and
    DOES 1-10, inclusive,            **(4) CYBERPIRACY IN VIOLATION**
20                            **OF 15 U.S.C. § 1125(d);**
             Defendants.
21                        **(5) COMMON LAW TRADEMARK**
                          **INFRINGEMENT;**
22
                         **(6) UNFAIR COMPETITION IN**
23                          **VIOLATION OF CAL. BUS. &**
                        **PROF. CODE §§ 17200, *ET SEQ.*;**
24
                         **(7) COMMON LAW UNFAIR**
25                          **COMPETITION; AND**

26                          **(8) CANCELLATION OF**
                         **TRADEMARK APPLICATIONS**
27
                     **DEMAND FOR JURY TRIAL**
28

Plaintiff and Counter-Defendant United Artists Corporation ("United Artists") hereby files its first amended complaint against defendants and counterclaimants United Artist Studios LLC ("UAS") and United Artist Film Festival LLC ("UAFF") and defendants XLI Technologies Inc. ("XLI"), XLI41 L.L.C. ("XLI41"), and James P. Schramm (all of the foregoing collectively, "Defendants") and Does 1-10, and alleges as follows:

## PRELIMINARY STATEMENT

1.     United Artists is one of Hollywood's oldest and most venerated producers and distributors of entertainment content.  Millions of consumers worldwide immediately associate the UNITED ARTISTS marks with hundreds of films that span a century of cinema history, including dozens of the greatest and most iconic films ever made.  Defendants are infringing United Artists' registered and famous trademarks by using the "United Artist" name to misleadingly brand their business activities relating to the production and distribution of theatrical content, thereby freeriding on United Artists' preeminent goodwill and reputation in the entertainment industry.  When United Artists attempted to resolve this dispute informally, Defendants responded with a startling diatribe of epithetical invective and threats directed at United Artists' parent company and its counsel, leaving United Artists with no choice but to enforce its rights against Defendants in federal court.  Moreover, after United Artists filed its initial complaint in this matter, Mr. Schramm and XLI doubled-down on Defendants' infringement and filed applications to register UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL with the U.S. Patent & Trademark Office ("PTO").

## JURISDICTION

2.     This action arises under the trademark and anti-dilution laws of the United States, 15 U.S.C. § 1051, *et seq.*, and under the statutory and common law of unfair competition.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), and § 1367, and 15 U.S.C. § 1121.

3. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) in this case because United Artists resides in this District, and, on information and belief, Defendants are subject to personal jurisdiction in this District and/or a substantial part of the events or omissions giving rise to the instant claims occurred in this District.

## PARTIES

4. United Artists is a Delaware corporation, having its principal place of business in Beverly Hills, California.

5. On information and belief, UAS is a Nevada limited liability company, having its principal place of business in Las Vegas, Nevada, and does business in this District.

6. On information and belief, UAFF is a Nevada limited liability company, having its principal place of business in Las Vegas, Nevada, and does business in this District.

7. On information and belief, XLI is a revoked Nevada corporation, having its principal place of business in Las Vegas, Nevada, and does business in this District.

8. On information and belief, XLI41 is a Nevada limited liability company, having its principal place of business in Las Vegas, Nevada, and does business in this District.

9. On information and belief, James P. Schramm is an individual residing in or around Las Vegas, Nevada, and does business in this District.

10. On information and belief, UAS, UAFF, XLI, and XLI41 are related organizations and share officers, including, but not limited to, James Schramm.

11. Defendants are subject to personal jurisdiction in this District because they do business in the District and/or the claims arose in this District.

12. The true names, identities and capacities, whether individual, associate, corporate or otherwise, of Defendants DOES 1 to 10, inclusive, and each of them

- 3 -

("the DOE Defendants"), are unknown to United Artists at this time, who therefore sues the DOE Defendants by such fictitious names. When the true names and capacities or participation of the DOE Defendants are ascertained, United Artists will amend this complaint to assert the true names, identities and capacities. United Artists is informed and believes and thereon alleges that each of the DOE Defendants sued herein is responsible for the wrongful acts alleged herein, and is therefore liable to United Artists in some manner for the events and happenings alleged in this complaint. United Artists is informed and believes and thereon alleges that at all times herein mentioned, the DOE Defendants were and are doing business and/or residing in this District.

## UNITED ARTISTS' BUSINESS AND TRADEMARKS

13. United Artists and its predecessor entities have been active in the motion picture industry for a century. United Artists was founded in February 1919 by industry legends D.W. Griffith, Charlie Chaplain, Mary Pickford, and Douglas Fairbanks. Throughout its storied history, United Artists and its predecessor entities have produced and distributed films, television programs, and related entertainment products, and also have been involved continuously in motion picture and television financing, production, and distribution services.

14. United Artists has produced or distributed many of cinema's greatest masterpieces and commercial successes, including *Modern Times* (1936), *A Star is Born* (1937), *Stagecoach* (1939), *High Noon* (1952), *Marty* (1955), *12 Angry Men* (1957), *The Apartment* (1960), *West Side Story* (1961), *In the Heat of the Night* (1967), *Midnight Cowboy* (1969), *Fiddler on the Roof* (1971), *One Flew Over the Cuckoo's Nest* (1975), *Network* (1976), *Annie Hall* (1977), *Apocalypse Now* (1979), *Raging Bull* (1980), *Rain Man* (1988), *The Thomas Crown Affair* (1999), *Capote* (2005), and *Valkyrie* (2008). In addition, United Artists has produced several hit television series, including *Outer Limits* and *Rat Patrol*. More recently, the hit television shows *Survivor*, *Shark Tank*, and *The Voice* were produced under the

United Artists Media Group banner during the 2015-16 season. Even more recently, on February 5 2019, Metro-Goldwyn-Mayer Studios Inc., United Artists' parent company, and Annapurna Pictures announced that they were expanding their theatrical distribution joint venture and rebranding it UNITED ARTISTS RELEASING.

15. United Artists has undertaken the foregoing activities under the UNITED ARTISTS mark or versions thereof (the "UNITED ARTISTS Marks") and UNITED ARTISTS trade name and, consequently, owns common law rights in and federal registrations of the following UNITED ARTISTS Marks:

| Mark | Reg. No. | Class and Goods/Services | Reg. Date |
|---|---|---|---|
| UNITED ARTISTS | 1,624,112 | Class 41: Entertainment services – namely production and distribution of motion pictures | Nov. 20, 1990 |
|  | 1,625,273 | Class 41: Entertainment services – namely production and distribution of motion pictures | Nov. 27, 1990 |
|  | 2,091,641 | Class 9: pre-recorded video tapes and video discs and motion picture films whose subject matter is entertainment, namely, action adventure, comedy, drama, literary, historical, biographical and suspense themes; cartoons<br><br>Class 16: posters, film guides, film programs and books whose subject matter covers all topics related to motion picture films, including the history thereof and individuals featured in motion pictures<br><br>Class 41: entertainment services, namely, production and distribution of motion pictures | Aug. 26, 1997 |

| Mark | Reg. No. | Class and Goods/Services | Reg. Date |
|---|---|---|---|
| UA | 3,431,329 | Class 9:  Motion picture films featuring entertainment, namely, action adventures, dramas, comedies, romances, science fiction, horror and mysteries; pre-recorded video discs and DVDs featuring entertainment<br><br>Class 41:  Entertainment services, namely, production and distribution of a series of theatrical motion pictures; providing a website featuring motion pictures and television programming | May 20, 2008 |
| UNITED ARTISTS MEDIA GROUP | 4,856,577 | Class 41:  Entertainment services, namely, production and distribution of motion pictures | Nov. 17, 2015 |
| UNITED ARTISTS MEDIA GROUP | 4,856,615 | Class 41:  Entertainment services, namely, production and distribution of television programming | Nov. 17, 2015 |
|  | 4,856,661 | Class 41:  Entertainment services, namely, production and distribution of motion pictures, television programs and Internet programming | Nov. 17, 2015 |

True and correct copies of certificates of registration reflecting these UNITED ARTISTS Marks are attached hereto as **Exhibit A**.  United Artists also has a pending application to federally register the mark UA UNITED ARTISTS DIGITAL STUDIOS & Design (Ser. No. 88/002,587), which application was allowed by the PTO, and a pending application to federally register the mark UA UNITED ARTISTS RELEASING & Design (Ser. No. 88/290,276).  True and correct copy of printouts from the PTO website reflecting these applications are attached hereto as **Exhibit B**.

### DEFENDANTS AND THEIR INFRINGING ACTIONS

16.    On information and belief, Defendants are using the marks UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL in conjunction with

services offered in the motion picture and entertainment industry, all without United Artists' approval, license, or consent.

17.     On information and belief, UAS operates a website on the URL www.unitedartiststudios.com (the "UAS Website"). On the UAS Website, UAS expressly claims trademark rights in both UNITED ARTISTS STUDIOS and UNITED ARTIST FILM FESTIVAL and – until recently – identified itself as "a motion picture entertainment company," as set forth in the below screenshot of the UAS Website, captured, on information and belief, on or around August 18, 2018:



After receiving United Artists' initial cease and desist letter (as described below in Paragraph 19), UAS replaced the words "a motion picture entertainment company" with "a multi-media entertainment film studio and conglomerate," as set forth in the below screenshot of the UAS Website, captured on February 4, 2019:

/ / /

/ / /

18.    On information and belief, UAFF operates a website on the URL www.unitedartistfilmfestival.com (the "UAFF Website"). On the UAFF Website, UAFF prominently uses the UNITED ARTIST FILM FESTIVAL mark as the name of a film festival, as set forth in the below screenshot of the "The Program" page of the UAFF Website, captured on February 4, 2019:

/ / /

/ / /

/ / /



19.     As the above screenshot reflects, UAFF states that it is "the only film festival that guarantees a commercial studio level theatrical distribution deal (release) for ALL winners (1st, 2nd and 3rd place)."  UAFF states that it "will broadcast [its] annual event on several national and international TV networks reaching America as well as 120 other countries" and that the event will be on December 14, 2018.  However, United Artists has not been able to uncover any evidence of an award ceremony event ever taking place, much less being broadcast in the manner or scope stated by UAFF.  Notably, the UAFF Website does not include a privacy policy, terms and conditions, or any contact information for

UAFF, and does not identify the individuals and companies purportedly behind the UNITED ARTIST FILM FESTIVAL or when or on which networks the UNITED ARTIST FILM FESTIVAL is scheduled to air. Also, the UAFF Website states that "all finalist [sic] will be listed here by [February] 1, 2019" and that "2018 winners will be announced [February] 3, 2019," but as of February 4, 2019 the UAFF Website did not appear to identify finalists or winners of the purported film festival. Instead, winners of the purported film festival were only identified on the UAFF Website after United Artists filed its initial complaint in this case. The UAFF Website states that "Production support and Theatrical Distribution provided by XLI41" and "Media support provided by United Artist Studios," as reflected in the below screenshot of the UAFF Website circa March 19, 2019:



20.    On the "Submit & Register" page of the UAFF Website, UAFF solicits filmmakers to submit their feature films, documentary and short films, theatrical trailers, and music videos for consideration in the UNITED ARTIST FILM FESTIVAL. Entry fees range from $50 - $200, and PayPal links are provided for payment.

21.    On September 7, 2018, counsel for United Artists sent UAS and UAFF a letter demanding that they cease and desist any and all infringement of the UNITED ARTISTS Marks. A true and correct copy of the September 7, 2018 demand letter to Defendants is attached hereto as **Exhibit C.**

22.    On September 7, 2018, Mr. Schramm responded to counsel for United Artists by email – twice – and therein profanely denied United Artists' claims and refused its requests to resolve the matter amicably. True and correct copies of those

emails are attached hereto as **Exhibit D**.  That same day, Mr. Schramm left a
voicemail for the chairperson of United Artists' counsel's law firm, who had – and
has – no involvement in this matter and has never represented United Artists.

23.  On September 27, 2018, counsel for United Artists sent Mr. Schramm
a letter responding to his communications of September 7, 2018.  A true and correct
copy of United Artists' September 27, 2017 letter is attached hereto as **Exhibit E**.

24.  On September 27, 2018, Mr. Schramm responded with yet another
expletive-laden email to United Artists' counsel again denying United Artists'
claims and refusing its requests to resolve the matter amicably.  A true and correct
copy of that email is attached hereto as **Exhibit F**.

25.  On October 4, 2018, the operator of the email address
films@unitedartistfilmfestival.com (presumably Mr. Schramm) responded to
United Artists' September 27, 2018 letter, denying United Artists' claims and
stating that UAS and UAFF would not "cease and dismiss."  A true and correct
copy of this email is attached hereto as **Exhibit G**.

26.  UAS, UAFF, and XLI41 have not ceased their unlawful activities and
continue to infringe and otherwise violate United Artists' intellectual property
rights.  Rather, Defendants escalated their infringement.  Specifically, on February
8, 2019, and after United Artists filed its initial complaint in this case, Mr.
Schramm doing business as XLI filed the following applications with the PTO:

| Mark | Ser. No. | Class and Services | Alleged Date of First Use |
|---|---|---|---|
| UNITED ARTIST STUDIOS | 88/295,004 | 35:  Advertising, marketing and promotion services | May 30, 2018 |
| UNITED ARTIST FILM FESTIVAL | 88/294,846 | 41:  Entertainment services, namely, planning and conducting a series of film festivals | May 30, 2018 |

Mr. Schramm provided the PTO with an email address for himself using the
"@xli41.com" domain name extension, which, on information and belief, is the

domain name used for XLI41's website.  True and correct copies of the applications are attached hereto as **Exhibit H**.

27.     On information and belief, UAS, UAFF, XLI, and XLI41 operate as agents for each other and/or are affiliates of each other.

28.     Defendants' use of and applications to register the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks are likely to cause consumers to mistakenly and erroneously believe that Defendants, their marks, and/or the services offered thereunder have their source or origin with United Artists, are affiliated or connected with United Artists, or are endorsed or approved by United Artists.  United Artists is damaged by Defendants' unauthorized use and potential registration of the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks.  Among other things, consumers are likely to believe that United Artists is affiliated with, or is the originator of, the UNITED ARTIST FILM FESTIVAL, which it is not.

## FIRST CAUSE OF ACTION

**(Trademark Infringement – 15 U.S.C. §§ 1114 – Against Defendants)**

29.     United Artists repeats and realleges each and every allegation of paragraphs 1 through 28, above, as though fully set forth herein.

30.     Defendants have used in commerce, without United Artists' permission or authorization, the UNITED ARTISTS Marks or marks confusingly similar thereto – specifically, the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks – in a manner that is likely to cause confusion with respect to the source and origin of Defendants' services and is likely to cause confusion or mistake and to deceive purchasers as to United Artists' affiliation, connection, or association with, or approval or sponsorship of, Defendants, their businesses, and/or their services.

31.     Defendants' acts constitute infringement of the UNITED ARTISTS Marks in violation of 15 U.S.C. § 1114.

32.     As a direct and proximate result of Defendants' wrongful acts, United Artists has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  Defendants will continue to use, unless restrained, the UNITED ARTISTS Marks or marks confusingly similar thereto, and will cause irreparable damage to United Artists.  United Artists has no adequate remedy at law and is entitled to an injunction restraining Defendants and, as applicable, their officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

33.     United Artists is further entitled to recover from Defendants the actual damages that United Artists has sustained, is sustaining, and/or is likely to sustain as a result of Defendants' wrongful acts.

34.     United Artists is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.

35.     Because of the willful nature of Defendants' wrongful acts, United Artists is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

36.     Pursuant to 15 U.S.C. § 1117, United Artists is also entitled to recover its costs of suit, and its attorneys' fees because this is an exceptional case.

## SECOND CAUSE OF ACTION

**(False Designation of Origin and Association – 15 U.S.C. § 1125(a) – Against Defendants)**

37.     United Artists repeats and realleges each and every allegation of paragraphs 1 through 36, above, as though fully set forth herein.

38.     Defendants' unauthorized use of the UNITED ARTISTS Marks or marks confusingly similar thereto – specifically, the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks and the United Artist Studios LLC and United Artist Film Festival LLC trade names – in conjunction with Defendants'

businesses and their offering of services in the motion picture or entertainment industry, Defendants' false designation of origin, and Defendants' false and misleading descriptions and representations of fact, as alleged herein, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with United Artists, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by United Artists in violation of 15 U.S.C. § 1125(a).

39.    As a direct and proximate result of Defendants' wrongful acts, United Artists has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, trade name, business reputation, and goodwill.  Defendants will continue, unless restrained, to conduct their business and offer services using the UNITED ARTISTS Marks or other trademarks confusingly similar thereto and will cause irreparable damage to United Artists.   United Artists has no adequate remedy at law and is entitled to an injunction restraining Defendants and, as applicable, their officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin or association.

40.    United Artists is further entitled to recover from Defendants the actual damages that United Artists has sustained, is sustaining, and/or is likely to sustain as a result of Defendants' wrongful acts.  United Artists is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Defendants' acts of false designation of origin or affiliation.

41.    United Artists is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.  United Artists is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of false designation of origin or affiliation.

42.    Because of the willful nature of Defendants' wrongful acts, United

1    Artists is entitled to an award of treble damages and increased profits pursuant to

2    15 U.S.C. § 1117.

3        43.    Pursuant to 15 U.S.C. §1117, United Artists is also entitled to recover

4    its costs of suit, and its attorneys' fees because this is an exceptional case.

5    **THIRD CAUSE OF ACTION**

6    **(Dilution – 15 U.S.C.§ 1125(c) – Against Defendants)**

7        44.    United Artists repeats and realleges each and every allegation of

8    paragraphs 1 through 43, above, as though fully set forth herein.

9        45.    United Artists began using the UNITED ARTISTS Marks before

10   Defendants began promoting and using the UNITED ARTIST STUDIOS and

11   UNITED ARTIST FILM FESTIVAL marks.  The UNITED ARTISTS Marks are

12   inherently distinctive and have acquired distinction through United Artists'

13   extensive, continuous, and exclusive use of them.

14       46.    The UNITED ARTISTS Marks are famous and distinctive within the

15   meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

16       47.    Defendants' use of the UNITED ARTIST STUDIOS and UNITED

17   ARTIST FILM FESTIVAL marks is likely to dilute by blurring and/or tarnishment

18   the distinctive quality of the UNITED ARTISTS Marks in violation of 15 U.S.C.

19   § 1125(c).

20       48.    Defendants' acts complained of herein are likely to damage United

21   Artists irreparably.  United Artists has no adequate remedy at law for such wrongs

22   and injuries.  The damage to United Artists includes harm to its trademarks,

23   goodwill, and reputation that money cannot compensate.  United Artists is therefore

24   entitled to a preliminary and permanent injunction enjoining Defendants' use of the

25   UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks and

26   the UNITED ARTISTS Marks or any marks likely to dilute such Marks in

27   connection with the promotion, advertisement and sale of any services offered by

28   Defendants.

49.    Because of the willful nature of Defendants' actions, United Artists is further entitled to recover from Defendants its actual damages sustained by United Artists as a result of Defendants' wrongful acts.  United Artists is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of dilution.

50.    Because of the willful nature of Defendants' actions, United Artists is further entitled to recover from Defendants the gains, profits, and advantages Defendants have obtained as a result of their wrongful acts.  United Artists is presently unable to ascertain the extent of the gains, profits, and advantages Defendants have realized by reason of Defendants' willful acts of dilution.

51.    Pursuant to 15 U.S.C. § 1117, United Artists is entitled to recover its costs of suit, and its attorneys' fees because this is an exceptional case.

### FOURTH CAUSE OF ACTION

### (Cyberpiracy – 15 U.S.C.§ 1125(d) – Against Defendants)

52.    United Artists repeats and realleges each and every allegation of paragraphs 1 through 51, above, as though fully set forth herein.

53.    Defendants used and are using the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks with a bad faith intent to profit from the UNITED ARTISTS Marks.

54.    Defendants registered, are trafficking in, and are using the domain names www.unitedartiststudios.com and www.unitedartistfilmfestival.com, both of which are confusingly similar to the UNITED ARTISTS Marks.

55.    As of the date Defendants registered and began trafficking in and using the domain names www.unitedartiststudios.com and www.unitedartistfilmfestival.com, the UNITED ARTISTS Marks were distinctive and the UNITED ARTISTS Marks were famous.

56.    As a direct and proximate result of Defendants' wrongful acts, United Artists has suffered and continues to suffer and/or is likely to suffer damage to its

trademarks, business reputation, and goodwill. Defendants will continue, unless restrained, to conduct their business and offer services using the UNITED ARTISTS Marks or other trademarks confusingly similar thereto in the subject domain names and will cause irreparable damage to United Artists. United Artists has no adequate remedy at law and is entitled to an injunction restraining Defendants and, as applicable, their officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of cyberpiracy, and is also entitled to an order transferring the domain names www.unitedartiststudios.com and www.unitedartistfilmfestival.com to United Artists.

57. United Artists is further entitled to recover from Defendants the actual damages that United Artists has sustained, is sustaining, and/or is likely to sustain as a result of Defendants' wrongful acts. United Artists is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Defendants' acts of cyberpiracy.

58. United Artists is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. United Artists is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of cyberpiracy.

59. Because of the willful nature of Defendants' wrongful acts, United Artists is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

60. Pursuant to 15 U.S.C. § 1117, United Artists is also entitled to recover its costs of suit, and its attorneys' fees because this is an exceptional case.

### FIFTH CAUSE OF ACTION

### (Trademark Infringement – Common Law – Against Defendants)

61. United Artists repeats and realleges each and every allegation of paragraphs 1 through 60, above, as though fully set forth herein.

- 17 -

62.   Defendants have used in commerce, without United Artists' permission or authorization, the UNITED ARTISTS Marks or marks confusingly similar thereto – specifically, the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks and the United Artist Studios LLC and United Artist Film Festival LLC trade names – in a manner that is likely to cause confusion with respect to the source and origin of Defendants' services and is likely to cause confusion or mistake and to deceive purchasers as to United Artists' affiliation, connection, or association with, or approval or sponsorship of, Defendants, their businesses, and/or their services.

63.   Defendants' acts constitute infringement of the UNITED ARTISTS Marks in violation of the common law.

64.   As a direct and proximate result of Defendants' wrongful acts, United Artists has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, trade name, business reputation, and goodwill.  Defendants will continue to use, unless restrained, the UNITED ARTISTS Marks or marks confusingly similar thereto, and will cause irreparable damage to United Artists. United Artists has no adequate remedy at law and is entitled to an injunction restraining Defendants and, as applicable, their officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

65.   United Artists is further entitled to recover from Defendants the actual damages that United Artists has sustained, is sustaining, and/or is likely to sustain as a result of Defendants' wrongful acts.

66.   United Artists is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.

67.   Because of the willful nature of Defendants' wrongful acts, United Artists is entitled to an award of punitive damages.

# SIXTH CAUSE OF ACTION

## (Unfair Competition – Cal. Bus. & Prof. Code §§ 17200, *et seq* – Against Defendants)

68.  United Artists repeats and realleges each and every allegation of paragraphs 1 through 67, above, as though fully set forth herein.

69.  By reason of the foregoing, Defendants have been, and are, engaged in "unlawful, unfair or fraudulent business practices" in violation of §§ 17200 *et seq.* of the California Bus. & Prof. Code.

70.  Defendants' acts complained of herein have injured and will continue to injure United Artists irreparably. United Artists has no adequate remedy at law for these wrongs and injuries. The injury to United Artists includes harm to its UNITED ARTISTS Marks, goodwill, and reputation in the marketplace that money cannot compensate. United Artists is therefore entitled to: (a) injunctive relief restraining and enjoining Defendants and, as applicable, their officers, members, agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using the UNITED ARTISTS Marks or any mark, name, symbol, or logo which is confusingly similar thereto, in connection with the marketing or sale of any services by Defendants; and (b) restitution of Defendants' profits earned from their unauthorized use of the UNITED ARTISTS Marks or any mark, name, symbol, or logo which is confusingly similar thereto, in which profits United Artists has a vested interest.

# SEVENTH CAUSE OF ACTION

## (Unfair Competition – Common Law – Against Defendants)

71.  United Artists repeats and realleges each and every allegation of paragraphs 1 through 70, above, as though fully set forth herein.

72.  United Artists invested substantial time and money in its development of the UNITED ARTISTS Marks.

73.  Defendants used the UNITED ARTISTS Marks or marks confusingly

similar thereto – specifically, the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks and the United Artist Studios LLC and United Artist Film Festival LLC trade names – to build its business and/or pass off its business as that of United Artists' without United Artists' authorization.

74.    Likewise, Defendants passed off its services offered under the UNITED ARTISTS Marks or marks confusingly similar thereto – specifically, the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks and the United Artist Studios LLC and United Artist Film Festival LLC trade names – in a manner likely to cause confusion as to the source of Defendants' services or as to United Artists' association or affiliation with, or sponsorship of, Defendants' services.

75.    As a direct and proximate result of Defendants' wrongful acts, United Artists has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, trade name, business reputation, and goodwill.  Defendants will continue, unless restrained, to pass off its business as that of United Artists' and to conduct their business and offer services using the UNITED ARTISTS Marks or other trademarks confusingly similar thereto and will cause irreparable damage to United Artists.   United Artists has no adequate remedy at law and is entitled to an injunction restraining Defendants and, as applicable, their officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of unfair competition.

76.    United Artists is further entitled to recover from Defendants the actual damages that United Artists has sustained, is sustaining, and/or is likely to sustain as a result of Defendants' wrongful acts.  United Artists is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Defendants' acts of unfair competition.

77.    United Artists is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful

acts.  United Artists is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of unfair competition.

78.     Because of the willful nature of Defendants' wrongful acts, United Artists is entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION

### (Cancellation of Trademark Registrations – 15 U.S.C. § 1119 – Against XLI and Mr. Schramm)

79.     United Artists repeats and realleges each and every allegation of paragraphs 1 through 78, above, as though fully set forth herein.

80.     XLI and Mr. Schramm's applications to register UNITED ARTIST STUDIOS (Ser. No. 88/295,004) and UNITED ARTIST FILM FESTIVAL (Ser. No. 88/294,846) so resemble the UNITED ARTISTS Marks as to be likely, when used on or in connection with the services identified in the applications, to cause confusion, cause mistake, or deceive, in violation of 15 U.S.C. § 1052(d).

81.     XLI and Mr. Schramm's applications to register UNITED ARTIST STUDIOS (Ser. No. 88/295,004) and UNITED ARTIST FILM FESTIVAL (Ser. No. 88/294,846) are also subject to cancellation because they identify Mr. Schramm doing business as XLI as the owners of the marks when, in fact, UAS and UAFF are the purported owners of the respective marks.  Accordingly, the applications are void *ab initio* pursuant to 37 C.F.R. § 2.71(d).

## PRAYER FOR RELIEF

WHEREFORE, United Artists prays that this Court enter judgment against Defendants as follows:

1.     Finding that Defendants have:  infringed the UNITED ARTISTS Marks under 15 U.S.C. § 1114 and the common law; violated 15 U.S.C. § 1125(a); diluted the UNITED ARTISTS mark under 15 U.S.C. § 1125(c); committed cyberpiracy under 15 U.S.C. § 1125(d); violated Cal. Bus. & Prof. Code § 17200 by

1  engaging in unlawful, unfair, and fraudulent business practices; and committed

2  unfair competition under the common law;

3      2.    Ordering the cancellation of Mr. Schramm's and XLI's applications to

4  register UNITED ARTIST STUDIOS (Ser. No. 88/295,004) and UNITED ARTIST

5  FILM FESTIVAL (Ser. No. 88/294,846);

6      3.    Ordering that Defendants and, as applicable, their officers, agents,

7  servants, directors, employees, servants, partners, representatives, assigns,

8  successors, related companies, and attorneys and all persons in active concert or

9  participation with Defendants or with any of the foregoing be enjoined

10  preliminarily during the pendency of this action and permanently thereafter from:

11      a.    Manufacturing, transporting, promoting, importing,

12  advertising, publicizing, distributing, offering for sale, or selling any goods or

13  services offered under the UNITED ARTIST STUDIOS and UNITED ARTIST

14  FILM FESTIVAL marks, UNITED ARTISTS Marks, or any other mark, name,

15  symbol, or logo, which is likely to cause confusion or to cause mistake or to

16  deceive persons into the erroneous belief that any goods or services that Defendants

17  caused to enter the stream of commerce or any of Defendants' commercial

18  activities are sponsored or licensed by United Artists, are authorized by United

19  Artists, or are connected or affiliated in some way with United Artists or the

20  UNITED ARTISTS Marks;

21      b.    Manufacturing, transporting, promoting, importing,

22  advertising, publicizing, distributing, offering for sale, or selling any goods or

23  services offered under the UNITED ARTIST STUDIOS and UNITED ARTIST

24  FILM FESTIVAL marks, the UNITED ARTISTS Marks, or any other mark, name,

25  symbol, or logo that is a copy or colorable imitation of, incorporates, or is

26  confusingly similar to the UNITED ARTISTS Marks;

27      c.    Implying United Artists' approval, endorsement, or

28  sponsorship of, or affiliation or connection with, Defendants' goods, services, or

commercial activities, passing off Defendants' business as that of United Artists', or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with United Artists and from otherwise interfering with or injuring the UNITED ARTISTS Marks or the goodwill associated therewith;

        d.    Engaging in any act which is likely to dilute the distinctive quality of the UNITED ARTISTS Marks and/or injures United Artists' business reputation;

        e.    Representing or implying that Defendants are in any way sponsored by, affiliated with, or licensed by United Artists;

        f.    Using "United Artist Studios LLC," "United Artist Film Festival LLC," the UNITED ARTISTS Marks, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the UNITED ARTISTS Marks, as a trade name.

        g.    Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to (f) above.

    4.    Ordering that United Artists is the exclusive owner of the UNITED ARTISTS Marks and that such marks are valid and protectable;

    5.    Ordering that Defendants be required to deliver to United Artists for destruction any and all digital files, packaging, printed graphics, promotional materials, business cards, signs, labels, advertisements, flyers, circulars, and any other items in any of their possession, custody, or control bearing the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks, the UNITED ARTISTS Marks, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the UNITED ARTISTS Marks;

    6.    Ordering the transfer of the domain names

www.unitedartiststudios.com and www.unitedartistfilmfestival.com, and any other domain names confusingly similar to the UNITED ARTISTS Marks, to United Artists;

    7.    Granting an award of damages suffered by United Artists according to proof at the time of trial;

    8.    Ordering that Defendants account to United Artists for any and all profits earned as a result of Defendants' acts in violation of United Artists' rights under the Lanham Act and the common law;

    9.    Granting an award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

    10.    Ordering restitution of Defendants' profits earned from their unauthorized use of the UNITED ARTISTS Marks or any mark, name, symbol, or logo which is confusingly similar thereto, in which profits United Artists has a vested interest, pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*;

    11.    Granting an award of punitive damages for the willful and wanton nature of Defendants' aforesaid acts under the common law;

    12.    For pre-judgment interest on any recovery by United Artists;

    13.    Granting an award of United Artists' costs, expenses, and reasonable attorneys' fees; and

    14.    Granting such other and further relief as is just and proper.

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated: March 26, 2019        By: /s/Jill M. Pietrini
                                 Jill M. Pietrini
                                 Paul A. Bost
                                 Attorneys for Plaintiff and Counter-Defendant
                                 UNITED ARTISTS CORPORATION

1

## **JURY DEMAND**

2    United Artists demands a trial by jury of all issues triable by jury.

3                           Respectfully submitted,

4                           SHEPPARD MULLIN RICHTER & HAMPTON LLP

5

6    Dated:  March 26, 2019          By: /s/Jill M. Pietrini
7                                        Jill M. Pietrini
                                         Paul A. Bost
8                                        Attorneys for Plaintiff and Counter-
                                         Defendant
9                                        UNITED ARTISTS CORPORATION

10   SMRH:489807524.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

Int. Cl.: 41

Prior U.S. Cls.: 101 and 107

## United States Patent and Trademark Office

Reg. No. 1,624,112
Registered Nov. 20, 1990

### SERVICE MARK
### PRINCIPAL REGISTER

# UNITED ARTISTS

UNITED ARTISTS PICTURES, INC. (DELA-
WARE CORPORATION)
450 NORTH ROXBURY DRIVE
BEVERLY HILLS, CA 90210

FOR: ENTERTAINMENT SERVICES -
NAMELY PRODUCTION AND DISTRIBUTION
OF MOTION PICTURES, IN CLASS 41 (U.S.
CLS. 101 AND 107).

FIRST USE 1-1-1923; IN COMMERCE
1-1-1923.
OWNER OF U.S. REG. NOS. 735,668, 1,464,335
AND OTHERS.

SER. NO. 73-811,259, FILED 7-7-1989.

DEBRA S. BUTENSKY, EXAMINING ATTOR-
NEY

Int. Cl.: 41

Prior U.S. Cls.: 101 and 107

## United States Patent and Trademark Office

Reg. No. 1,625,273

Registered Nov. 27, 1990

### SERVICE MARK
### PRINCIPAL REGISTER



UNITED ARTISTS PICTURES, INC. (DELA-WARE CORPORATION)
450 NORTH ROXBURY DRIVE
BEVERLY HILLS, CA 90210

FOR: ENTERTAINMENT SERVICES - NAMELY PRODUCTION AND DISTRIBUTION OF MOTION PICTURES, IN CLASS 41 (U.S. CLS. 101 AND 107).

FIRST USE 12-0-1986; IN COMMERCE 12-0-1986.
OWNER OF U.S. REG. NOS. 735,668, 1,464,335 AND OTHERS.

SER. NO. 73-811,257, FILED 7-7-1989.

DEBRA S. BUTENSKY, EXAMINING ATTOR-NEY

Int. Cls.: 9, 16, and 41

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, and 107

Reg. No. 2,091,641

## United States Patent and Trademark Office

Registered Aug. 26, 1997

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



UNITED ARTISTS CORPORATION (DELA-WARE CORPORATION)
2500 BROADWAY STREET
SANTA MONICA, CA 904043061

FOR: PRE-RECORDED VIDEO TAPES AND VIDEO DISCS AND MOTION PICTURE FILMS WHOSE SUBJECT MATTER IS ENTERTAIN-MENT, NAMELY, ACTION ADVENTURE, COMEDY, DRAMA, LITERARY, HISTORICAL, BIOGRAPHICAL AND SUSPENSE THEMES; CARTOONS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3–31–1995; IN COMMERCE 3–31–1995.

FOR: POSTERS, FILM GUIDES, FILM PRO-GRAMS AND BOOKS WHOSE SUBJECT MATTER COVERS ALL TOPICS RELATED TO MOTION PICTURE FILMS, INCLUDING THE HISTORY THEREOF AND INDIVIDUALS FEA-TURED IN MOTION PICTURES, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 3–31–1995; IN COMMERCE 3–31–1995.

FOR: ENTERTAINMENT SERVICES, NAMELY, PRODUCTION AND DISTRIBUTION OF MOTION PICTURES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 3–31–1995; IN COMMERCE 3–31–1995.

OWNER OF U.S. REG. NOS. 1,380,154, 1,624,112, AND 1,625,273.

SN 74–586,900, FILED 10–18–1994.

ANGELA LYKOS, EXAMINING ATTORNEY

Int. Cls.: 9 and 41

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 3,431,329
Registered May 20, 2008

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

# UA

UNITED ARTISTS CORPORATION (DELAWARE CORPORATION)
10250 CONSTELLATION BLVD.
LOS ANGELES, CA 900676241

FOR: MOTION PICTURE FILMS FEATURING ENTERTAINMENT, NAMELY, ACTION ADVENTURES, DRAMAS, COMEDIES, ROMANCES, SCIENCE FICTION, HORROR AND MYSTERIES; PRERECORDED AUDIO AND VIDEO TAPES, VIDEO DISCS AND DVDS FEATURING INFORMATION, NEWS, MUSIC AND ENTERTAINMENT IN THE FORM OF LIVE ACTION NARRATIVES AND ANIMATED PRODUCTIONS; MUSICAL SOUND RECORDINGS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-1-1986; IN COMMERCE 12-1-1986.

FOR: ENTERTAINMENT SERVICES, NAMELY, PRODUCTION AND DISTRIBUTION OF A SERIES OF THEATRICAL MOTION PICTURES; PRODUCTION OF TELEVISION PROGRAMS; PROVIDING A WEBSITE FEATURING NEWS, ENTERTAINMENT INFORMATION REGARDING, MOTION PICTURES, TELEVISION PROGRAMMING AND MUSIC; PROVIDING A WEBSITE ON A GLOBAL COMPUTER NETWORK FEATURING A WIDE RANGE OF ENTERTAINMENT RELATED INFORMATION AND MATERIALS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 12-1-1986; IN COMMERCE 12-1-1986.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,625,273 AND 2,246,312.

SER. NO. 78-971,802, FILED 9-11-2006.

ELLEN PERKINS, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# UNITED ARTISTS MEDIA GROUP

**Reg. No. 4,856,577**

**Registered Nov. 17, 2015**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

UNITED ARTISTS CORPORATION (DELAWARE CORPORATION)
245 N. BEVERLY DRIVE
BEVERLY HILLS, CA 90210

FOR: ENTERTAINMENT SERVICES, NAMELY, PRODUCTION AND DISTRIBUTION OF MOTION PICTURES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 9-22-2014; IN COMMERCE 10-6-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,624,112, 3,431,329, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MEDIA GROUP", APART FROM THE MARK AS SHOWN.

SN 86-377,232, FILED 8-26-2014.

DAWN FELDMAN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office



# UNITED ARTISTS MEDIA GROUP

**Reg. No. 4,856,615**
**Registered Nov. 17, 2015**

UNITED ARTISTS CORPORATION (DELAWARE CORPORATION)
245 N. BEVERLY DRIVE
BEVERLY HILLS, CA 90210

**Int. Cl.: 41**

FOR: ENTERTAINMENT SERVICES, NAMELY, PRODUCTION AND DISTRIBUTION OF TELEVISION PROGRAMMING, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

**SERVICE MARK**

FIRST USE 9-22-2014; IN COMMERCE 10-6-2014.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,624,112, 3,431,329, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MEDIA GROUP", APART FROM THE MARK AS SHOWN.

SN 86-391,989, FILED 9-11-2014.

DAWN FELDMAN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

Case 20-01045-abl Doc 1 Entered 03/26/20 18:09:45 Page 53 of 129

# United States of America

## United States Patent and Trademark Office



UNITED ARTISTS MEDIA GROUP

**Reg. No. 4,856,661**
**Registered Nov. 17, 2015**

UNITED ARTISTS CORPORATION (DELAWARE CORPORATION)
245 N. BEVERLY DRIVE
BEVERLY HILLS, CA 90210

**Int. Cl.: 41**

FOR: ENTERTAINMENT SERVICES, NAMELY, PRODUCTION AND DISTRIBUTION OF MOTION PICTURES, TELEVISION PROGRAMS AND INTERNET PROGRAMMING , IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

**SERVICE MARK**

FIRST USE 9-22-2014; IN COMMERCE 10-6-2014.

**PRINCIPAL REGISTER**

OWNER OF U.S. REG. NOS. 1,624,112, 3,431,329, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MEDIA GROUP", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LETTER "U" JOINED TOGETHER ON THE RIGHT WITH A CHARACTER TO FORM THE LETTER "A" WITH BARRED LINES THROUGH THE CENTER AND THE WORDS "UNITED ARTISTS MEDIA GROUP" UNDER THE LETTERS "UA".

SN 86-405,265, FILED 9-24-2014.

DAWN FELDMAN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# Exhibit B



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Mar 26 05:21:02 EDT 2019*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | UA UNITED ARTISTS DIGITAL STUDIOS |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Production and distribution of audio-visual content in the nature of motion picture films, television programs, short-form videos and digital television series |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 88002587 |
| **Filing Date** | June 15, 2018 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 27, 2018 |
| **Owner** | (APPLICANT) United Artists Corporation CORPORATION DELAWARE 245 N. Beverly Drive Beverly Hills CALIFORNIA 90210 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "DIGITAL STUDIOS" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | The color(s) silver and black is/are claimed as a feature of the mark. The mark consists of the stylized letters "UA" in silver and outlined in black with the illusion of light reflecting on the letter over the words "UNITED ARTISTS DIGITAL STUDIOS" in black. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

3/26/2019
Case 2:19-cv-00825-MWF-MAA Document 1-2 Filed 03/26/19 Page 4 of 5 Page ID #:205
Case 20-01045-abl Doc 1 Entered 03/26/20 18:00:45 Page 57 of 129



United States Patent and Trademark Office

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Mar 26 05:21:02 EDT 2019*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| **Word Mark** | UA UNITED ARTISTS RELEASING |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Production and distribution of audio-visual content in the nature of motion picture films, television programs and short-form videos; providing on-line information in the field of motion picture films, television programs and short-form videos |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.17.01 - Bands, straight ; Bars, straight ; Lines, straight ; Straight line(s), band(s) or bar(s)<br>26.17.05 - Bands, horizontal ; Bars, horizontal ; Horizontal line(s), band(s) or bar(s) ; Lines, horizontal<br>27.03.01 - Geometric figures forming letters, numerals or punctuation |
| **Serial Number** | 88290276 |
| **Filing Date** | February 5, 2019 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) United Artists Corporation CORPORATION DELAWARE 245 N. Beverly Drive Beverly Hills CALIFORNIA 90210 |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of The mark consists of the letter "U" joined together on the right with a character to form the letter "A" made up of lines, the words "UNITED ARTISTS" under the letters "UA" and the word "RELEASING" under the words "UNITED ARTISTS". |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# Exhibit C

**Sheppard**Mullin

Sheppard, Mullin, Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
310.228.3700 main
310.228.3701 fax
www.sheppardmullin.com

Jill M. Pietrini
310.228.3723 direct
jpietrini@sheppardmullin.com

September 7, 2018

File Number: 01WA-260403-006

James Paul Schramm, Owner
UNITED ARTIST STUDIOS LLC /
UNITED ARTIST FILM FESTIVAL LLC
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169

**VIA FEDERAL EXPRESS, EMAIL:**
jps@boschmediacorp.com,
info@mcs41.com, jps@mcs41.com,
films@unitedartistfilmfestival.com
**& FACSIMILE: 800-559-1936**

> **Re:** **Infringement of United Artists Corporation's Intellectual Property
> Derived from the *United Artist Film Festival* by United Artist Studios**

Dear Mr. Schramm:

This letter is sent to request that United Artist Studios LLC and United Artist Film Festival LLC ("UA Companies"), and sometimes referred to herein as "you") immediately cease and desist from infringing intellectual property owned by United Artists Corporation through your websites at <unitedartiststudios.com>, <unitedartistfilmfestival.com>, and <xli41.com> (the "Websites") (collectively, the "United Artist Services").

We are counsel for Metro-Goldwyn-Mayer Studios Inc. ("MGM") and its subsidiary United Artists Corporation ("United Artists"), the entities responsible for producing and distributing many successful and critically acclaimed television series and motion pictures, and associated musical sound and video recordings. United Artists owns, and has registered, its name and trademarks UA, UA UNITED ARTISTS and the special stylized font associated with it, UNITED ARTISTS, UNITED ARTISTS and the special stylized font associated with it, UNITED ARTISTS MEDIA GROUP, and UNITED ARTISTS MEDIA GROUP and the special stylized font associated with it (collectively, the "UNITED ARTISTS Marks") in the U.S. and in other countries for use with television, film, and other entertainment industry related services and products.

United Artists owns seven federal trademark registrations of trademarks containing UNITED ARTISTS and one trademark application to register a mark containing the mark UNITED ARTISTS. Copies of United Artists' trademark registration certificates of the UNITED ARTISTS trademarks and pending UNITED ARTISTS trademark application are attached hereto as **Exhibit A** and **Exhibit B**, respectively. United Artists has been using the mark UNITED ARTISTS for entertainment services, namely, production and distribution of motion pictures since 1923. United Artists also owns common law rights in the UNITED ARTISTS Marks for use with a broad range of goods and services. Finally, United Artists has taken steps to preserve and protect its rights in its UNITED ARTISTS Marks. As a result, the trademark UNITED ARTISTS has acquired substantial fame and goodwill and is associated with the entertainment company owned by MGM.

We have learned that, without United Artists' knowledge or consent, you are using a variation of the UNITED ARTISTS Mark without authorization to promote the infringing United Artist Services offered by your companies United Artist Studios (billed as "a motion picture entertainment company") and United Artist Film Festival through your registered domain names <unitedartiststudios.com>, <unitedartistfilmfestival.com> and <xli41.com>. Printouts of the Websites pages promoting the infringing United Artist Services are attached for your

**Sheppard**Mullin

James Paul Schramm
UNITED ARTIST STUDIOS LLC /
UNITED ARTIST FILM FESTIVAL LLC
September 7, 2018
Page 2

reference as **Exhibit C**. It has also come to United Artists' attention that the United Artist Services are promoted by the Asian World Film Festival ("AWFF") on its website located at <asianworldfilmfest.org/our-2017-sponsors-partners-2>. Printouts of AFWW's website are attached for your reference as **Exhibit D**.

The UA Companies' unauthorized use of a variation of the UNITED ARTISTS Mark for their entertainment and film festival services is likely to cause consumers to believe that MGM or United Artists has approved, licensed, endorsed, or authorized the use of its intellectual property, when in fact it has not done so, or that your entertainment and film festival services are associated with United Artists, when they are not. In fact, consumer confusion is very likely given your use of UNITED ARTIST for identical or related services.

The continued use of the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks constitutes trademark infringement, passing off unfair competition, and false designation of origin, and dilutes the distinctive value of the UNITED ARTISTS Marks. Also, given the above facts and the widespread success and acclaim earned by United Artists, it appears that you selected these trademarks to intentionally draw an association with the UNITED ARTISTS Marks or to pass off the UA Companies as that of United Artists.

The remedies available to MGM and United Artists for your activities described above include, but are not limited to, MGM's and United Artists' actual damages, statutory damages, your profits attributable to the unauthorized use of the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL trademarks, attorneys' fees[1], and a nationwide injunction against your further use of the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL trademarks or any other marks confusingly similar to the UNITED ARTISTS Marks.

Notwithstanding these available remedies and to resolve this matter now, United Artists requests that you agree in writing to immediately: (1) agree to not use the mark UNITED ARTIST or any marks, names, logos, or the like that are confusingly similar to the UNITED ARTISTS Marks; (2) change your corporate names to something that does not include the words UNITED or ARTIST together; (3) transfer any domain names registered in your name or under your control containing "United Artist", including, but not limited to, unitedartiststudios.com and unitedartistfilmfestival.com to United Artists; (4) remove all references to UNITED ARTIST from your websites unitedartiststudios.com and unitedartistfilmfestival.com and any other websites under your control, including, but not limited to xli41.com; (5) remove all references to UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL from any and all third party websites, including, but not limited to, AWFF's website at asianworldfilmfest.org/our-2017-sponsors-partners-2; (6) disgorge your profits earned from the United Artist Services, including all film festival submission entry fees; and (7) provide us with an accounting of the sales of or revenue from your entertainment and film festival services. The accounting of those sales should include: (a) the total revenue/sales of your entertainment and film festival services; (b) the number of film festival entries received to date; (c) the average film festival entry fee

---

[1]     Courts have held that continued use of an infringing mark *after* receipt of a cease and desist letter, such as this, supports a finding of willful infringement for purposes of determining an award of attorney's fees. *See E&J Gallo Winery v. Consorzio Del Gallo Nero*, 782 F. Supp. 472, 475 (N.D. Cal. 1992); *CFM Majestic, Inc. v. NHC, Inc.*, 93 F. Supp.2d 942, 961 (N.D. Ind. 2000) ("[W]hen a defendant continues to infringe on a plaintiff's mark after receiving a cease and desist letter, that infringement may be deemed deliberate, and is sufficient to award attorneys' fees.")

**Sheppard**Mullin

James Paul Schramm
UNITED ARTIST STUDIOS LLC /
UNITED ARTIST FILM FESTIVAL LLC
September 7, 2018
Page 3

received; (d) the cost associated with providing your entertainment and film festival services; and (e) the advertising and click-through revenue earned from the Websites or from any websites offering your entertainment and film festival services.

You may indicate your consent to these requests by signing the original of this letter and returning it to me **by September 17, 2018**. If we do not receive a signed copy of this letter by the stated deadline, we will advise MGM and United Artists to seek all remedies available to them for your use of a variation of the UNITED ARTISTS Marks, including initiating litigation in federal court in Los Angeles, if necessary. We look forward to your prompt response.

Nothing contained in this letter, nor any act or omission to act by MGM and/or United Artists is intended or should be deemed to be a waiver, abridgment, alteration, modification or reduction of any rights, claims, defenses or remedies that MGM and/or United Artists may have in regard to this matter and all such rights, claims, defenses and remedies, whether at law or in equity, are hereby expressly reserved.

Very truly yours,

JM. Pietrini
SHEPPARD MULLIN RICHTER & HAMPTON LLP

JMP:RW
Enclosures
cc:     R. Holland Campbell, Esq.
        Robert Walsh

**AGREED AND ACCEPTED:**

**UNITED ARTIST STUDIOS LLC /
UNITED ARTIST FILM FESTIVAL LLC**

_____          Date: _____
James Paul Schramm
Owner

SMRH:487623530.1

Exhibit A



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Aug 28 03:47:06 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC |
| NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [       ] OR Jump to record: [       ] **Record 9 out of 9**

| TSDR | Assign Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)* |



**United Artists**

| | |
|---|---|
| **Word Mark** | UA UNITED ARTISTS |
| **Goods and Services** | IC 041. US 101 107. G & S: ENTERTAINMENT SERVICES - NAMELY PRODUCTION AND DISTRIBUTION OF MOTION PICTURES. FIRST USE: 19861200. FIRST USE IN COMMERCE: 19861200 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 73811257 |
| **Filing Date** | July 7, 1989 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 4, 1990 |
| **Registration Number** | 1625273 |
| **Registration Date** | November 27, 1990 |
| **Owner** | (REGISTRANT) UNITED ARTISTS PICTURES, INC. CORPORATION DELAWARE 450 NORTH ROXBURY DRIVE BEVERLY HILLS CALIFORNIA 90210 |
| | (LAST LISTED OWNER) UNITED ARTISTS CORPORATION CORPORATION ASSIGNEE OF DELAWARE 245 N. Beverly Drive Beverly Hills CALIFORNIA 902105317 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Michael B. Moore |
| **Prior Registrations** | 0735668;0932260;1022039;1380154;1464335;AND OTHERS |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20101029. |
| **Renewal** | 2ND RENEWAL 20101029 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC |
| NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

TSDR now includes a Post Registration Maintenance Tab that appears as a third tab next to the "Status" and "Document" tabs for registered marks. The tab will not appear if the mark is not registered.

The information provided on the Post Registration Maintenance Tab, including due dates for maintenance documents and status of renewal and declaration of use filings, is provided as a courtesy and may not be current due to system issues.

**Trademark owners should not rely on the Post Registration Maintenance Tab to determine their maintenance obligations and deadlines.**

STATUS     DOCUMENTS     MAINTENANCE                                          Back to Search          Print

**Generated on:** This page was generated by TSDR on 2018-08-28 21:43:28 EDT

**Mark:** UA UNITED ARTISTS

**US Serial Number:** 73811257                         **Application Filing Date:** Jul. 07, 1989

**US Registration Number:** 1625273                    **Registration Date:** Nov. 27, 1990

**Register:** Principal

**Mark Type:** Service Mark

**TM5 Common Status Descriptor:**

LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** The registration has been renewed.

**Status Date:** Oct. 29, 2010

**Publication Date:** Sep. 04, 1990

## Mark Information

## Related Properties Information

## Goods and Services

## Basis Information (Case Level)

## Current Owner(s) Information

## Attorney/Correspondence Information

## Prosecution History

## Maintenance Filings or Post Registration Information

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

Int. Cl.: 41

Prior U.S. Cls.: 101 and 107

**United States Patent and Trademark Office**

Reg. No. 1,625,273
Registered Nov. 27, 1990

### SERVICE MARK
### PRINCIPAL REGISTER



UNITED ARTISTS PICTURES, INC. (DELA-
WARE CORPORATION)
450 NORTH ROXBURY DRIVE
BEVERLY HILLS, CA 90210

FOR: ENTERTAINMENT SERVICES -
NAMELY PRODUCTION AND DISTRIBUTION
OF MOTION PICTURES, IN CLASS 41 (U.S.
CLS. 101 AND 107).

FIRST USE 12-0-1986; IN COMMERCE
12-0-1986.
OWNER OF U.S. REG. NOS. 735,668, 1,464,335
AND OTHERS.

SER. NO. 73-811,257, FILED 7-7-1989.

DEBRA S. BUTENSKY, EXAMINING ATTOR-
NEY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Aug 28 03:47:06 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [          ]   OR   Jump   to record: [          ]   **Record 8 out of 9**

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# Typed Drawing

| | |
|---|---|
| **Word Mark** | UNITED ARTISTS |
| **Goods and Services** | IC 041. US 101 107. G & S: ENTERTAINMENT SERVICES - NAMELY PRODUCTION AND DISTRIBUTION OF MOTION PICTURES. FIRST USE: 19230101. FIRST USE IN COMMERCE: 19230101 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 73811259 |
| **Filing Date** | July 7, 1989 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | August 28, 1990 |
| **Registration Number** | 1624112 |
| **Registration Date** | November 20, 1990 |
| **Owner** | (REGISTRANT) UNITED ARTISTS PICTURES, INC. CORPORATION DELAWARE 450 NORTH ROXBURY DRIVE BEVERLY HILLS CALIFORNIA 90210 |
| | (LAST LISTED OWNER) UNITED ARTISTS CORPORATION CORPORATION ASSIGNEE OF DELAWARE 245 N. Beverly Drive Beverly Hills CALIFORNIA 902105317 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Michael B. Moore |
| **Prior Registrations** | 0735668;0932260;1022039;1380154;1464335 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20101105. |
| **Renewal** | 2ND RENEWAL 20101105 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Trademark Status & Document Retrieval
Case 2:19-cv-00830-JMA-Doc 1   Entered 03/26/20 18:09:45   Page 68 of 429   Page ID #:210

1

TSDR now includes a Post Registration Maintenance Tab that appears as a third tab next to the "Status" and "Document" tabs for registered marks. The tab will not appear if the mark is not registered.

The information provided on the Post Registration Maintenance Tab, including due dates for maintenance documents and status of renewal and declaration of use filings, is provided as a courtesy and may not be current due to system issues.

**Trademark owners should not rely on the Post Registration Maintenance Tab to determine their maintenance obligations and deadlines.**

| STATUS | DOCUMENTS | MAINTENANCE | | Back to Search | Print |
|---|---|---|---|---|---|

**Generated on:** This page was generated by TSDR on 2018-08-28 21:39:48 EDT

**Mark:** UNITED ARTISTS

No Image exists for this case.

**US Serial Number:** 73811259      **Application Filing Date:** Jul. 07, 1989

**US Registration Number:** 1624112      **Registration Date:** Nov. 20, 1990

**Register:** Principal

**Mark Type:** Service Mark

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** The registration has been renewed.

**Status Date:** Nov. 05, 2010

**Publication Date:** Aug. 28, 1990

## Mark Information

## Related Properties Information

## Goods and Services

## Basis Information (Case Level)

## Current Owner(s) Information

## Attorney/Correspondence Information

## Prosecution History

## Maintenance Filings or Post Registration Information

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

Int. Cl.: 41

Prior U.S. Cls.: 101 and 107

**Reg. No. 1,624,112**

## United States Patent and Trademark Office   Registered Nov. 20, 1990

### SERVICE MARK
### PRINCIPAL REGISTER

## UNITED ARTISTS

UNITED ARTISTS PICTURES, INC. (DELA-
WARE CORPORATION)
450 NORTH ROXBURY DRIVE
BEVERLY HILLS, CA 90210

FOR: ENTERTAINMENT SERVICES -
NAMELY PRODUCTION AND DISTRIBUTION
OF MOTION PICTURES, IN CLASS 41 (U.S.
CLS. 101 AND 107).

FIRST USE 1-1-1923; IN COMMERCE
1-1-1923.
OWNER OF U.S. REG. NOS. 735,668, 1,464,335
AND OTHERS.

SER. NO. 73-811,259, FILED 7-7-1989.

DEBRA S. BUTENSKY, EXAMINING ATTOR-
NEY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Aug 28 03:47:06 EDT 2018*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start | List At: [      ] OR | Jump | to record: [      ] **Record 7 out of 9**

TSDR | Assign Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | UNITED ARTISTS |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: pre-recorded video tapes and video discs and motion picture films whose subject matter is entertainment, namely, action adventure, comedy, drama, literary, historical, biographical and suspense themes; cartoons. FIRST USE: 19950331. FIRST USE IN COMMERCE: 19950331 |
| | IC 016. US 002 005 022 023 029 037 038 050. G & S: posters, film guides, film programs and books whose subject matter covers all topics related to motion picture films, including the history thereof and individuals featured in motion pictures. FIRST USE: 19950331. FIRST USE IN COMMERCE: 19950331 |
| | IC 041. US 100 101 107. G & S: entertainment services, namely, production and distribution of motion pictures. FIRST USE: 19950331. FIRST USE IN COMMERCE: 19950331 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 01.05.01 - Sun, rising or setting (partially exposed or partially obstructed); Sunrise |
| **Serial Number** | 74586900 |
| **Filing Date** | October 18, 1994 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | March 5, 1996 |
| **Registration Number** | 2091641 |
| **Registration Date** | August 26, 1997 |
| **Owner** | (REGISTRANT) United Artists Corporation CORPORATION DELAWARE 245 N. Beverly Drive Beverly Hills CALIFORNIA 902105317 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Prior Registrations** | 1380154;1624112;1625273 |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20170711. |
| **Renewal** | 2ND RENEWAL 20170711 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

TSDR now includes a Post Registration Maintenance Tab that appears as a third tab next to the "Status" and "Document" tabs for registered marks. The tab will not appear if the mark is not registered.

The information provided on the Post Registration Maintenance Tab, including due dates for maintenance documents and status of renewal and declaration of use filings, is provided as a courtesy and may not be current due to system issues.

**Trademark owners should not rely on the Post Registration Maintenance Tab to determine their maintenance obligations and deadlines.**

| STATUS | DOCUMENTS | MAINTENANCE | | Back to Search | Print |

**Generated on:** This page was generated by TSDR on 2018-08-28 21:39:13 EDT

**Mark:** UNITED ARTISTS



| | |
|---|---|
| **US Serial Number:** 74586900 | **Application Filing Date:** Oct. 18, 1994 |
| **US Registration Number:** 2091641 | **Registration Date:** Aug. 26, 1997 |
| **Register:** Principal | |
| **Mark Type:** Trademark, Service Mark | |

**TM5 Common Status Descriptor:** 

LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** The registration has been renewed.

**Status Date:** Jul. 11, 2017

**Publication Date:** Mar. 05, 1996         **Notice of Allowance Date:** May 28, 1996

**Mark Information**

**Related Properties Information**

**Goods and Services**

**Basis Information (Case Level)**

**Current Owner(s) Information**

**Attorney/Correspondence Information**

**Prosecution History**

**Maintenance Filings or Post Registration Information**

**TM Staff and Location Information**

**Assignment Abstract Of Title Information - Click to Load**

**Proceedings - Click to Load**

Int. Cls.: 9, 16, and 41

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38,
50, 100, 101, and 107

Reg. No. 2,091,641

## United States Patent and Trademark Office

Registered Aug. 26, 1997

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER



UNITED ARTISTS CORPORATION (DELA-
WARE CORPORATION)
2500 BROADWAY STREET
SANTA MONICA, CA 904043061

FOR: PRE-RECORDED VIDEO TAPES AND
VIDEO DISCS AND MOTION PICTURE FILMS
WHOSE SUBJECT MATTER IS ENTERTAIN-
MENT, NAMELY, ACTION ADVENTURE,
COMEDY, DRAMA, LITERARY, HISTORICAL,
BIOGRAPHICAL AND SUSPENSE THEMES;
CARTOONS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).
FIRST USE 3-31-1995; IN COMMERCE
3-31-1995.
FOR: POSTERS, FILM GUIDES, FILM PRO-
GRAMS AND BOOKS WHOSE SUBJECT
MATTER COVERS ALL TOPICS RELATED TO

MOTION PICTURE FILMS, INCLUDING THE
HISTORY THEREOF AND INDIVIDUALS FEA-
TURED IN MOTION PICTURES, IN CLASS 16
(U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).
FIRST USE 3-31-1995; IN COMMERCE
3-31-1995.
FOR: ENTERTAINMENT SERVICES,
NAMELY, PRODUCTION AND DISTRIBUTION
OF MOTION PICTURES, IN CLASS 41 (U.S.
CLS. 100, 101 AND 107).
FIRST USE 3-31-1995; IN COMMERCE
3-31-1995.
OWNER OF U.S. REG. NOS. 1,380,154,
1,624,112, AND 1,625,273.

SN 74-586,900, FILED 10-18-1994.

ANGELA LYKOS, EXAMINING ATTORNEY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Aug 28 03:47:06 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC |

| NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start | List At: [        ] OR Jump to record: [        ] **Record 6 out of 9**

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# UA

| **Word Mark** | UA |
|---|---|
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Motion picture films featuring entertainment, namely, action adventures, dramas, comedies, romances, science fiction, horror and mysteries; pre-recorded [ audio and video tapes, ] video discs and DVDs featuring [ information, news, music and ] entertainment [ in the form of live action narratives and animated productions; musical sound recordings ]. FIRST USE: 19861201. FIRST USE IN COMMERCE: 19861201 |
| | IC 041. US 100 101 107. G & S: Entertainment services, namely, production and distribution of a series of theatrical motion pictures; [ production of television programs; ] providing a website featuring [ news, * and * entertainment information regarding, ] motion pictures and television programming [ and music; providing a website on a global computer network featuring a wide range of entertainment related information and materials ]. FIRST USE: 19861201. FIRST USE IN COMMERCE: 19861201 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Trademark Search Facility Classification Code** | LETS-2 UA Two letters or combinations of multiples of two letters |
| **Serial Number** | 78971802 |
| **Filing Date** | September 11, 2006 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | September 4, 2007 |
| **Registration Number** | 3431329 |
| **Registration Date** | May 20, 2008 |
| **Owner** | (REGISTRANT) United Artists Corporation CORPORATION DELAWARE 245 N. Beverly Drive Beverly Hills CALIFORNIA 902105317 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Michael B. Moore |
| **Prior Registrations** | 1625273;2246312 |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20180522. |
| **Renewal** | 1ST RENEWAL 20180522 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC |

| NEXT DOC | LAST DOC |

TSDR now includes a Post Registration Maintenance Tab that appears as a third tab next to the "Status" and "Document" tabs for registered marks. The tab will not appear if the mark is not registered.

The information provided on the Post Registration Maintenance Tab, including due dates for maintenance documents and status of renewal and declaration of use filings, is provided as a courtesy and may not be current due to system issues.

**Trademark owners should not rely on the Post Registration Maintenance Tab to determine their maintenance obligations and deadlines.**

| STATUS | DOCUMENTS | MAINTENANCE | **Back to Search** | Print |

Generated on: This page was generated by TSDR on 2018-08-28 21:41:00 EDT

Mark: UA

# UA

| | |
|---|---|
| US Serial Number: 78971802 | Application Filing Date: Sep. 11, 2006 |
| US Registration Number: 3431329 | Registration Date: May 20, 2008 |
| Register: Principal | |
| Mark Type: Trademark, Service Mark | |

TM5 Common Status Descriptor:

LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

Status: The registration has been renewed.

Status Date: May 22, 2018

Publication Date: Sep. 04, 2007

**Mark Information**

**Related Properties Information**

**Goods and Services**

**Basis Information (Case Level)**

**Current Owner(s) Information**

**Attorney/Correspondence Information**

**Prosecution History**

**Maintenance Filings or Post Registration Information**

**TM Staff and Location Information**

**Assignment Abstract Of Title Information - Click to Load**

**Proceedings - Click to Load**

Int. Cls.: **9 and 41**

Prior U.S. Cls.: **21, 23, 26, 36, 38, 100, 101 and 107**

**United States Patent and Trademark Office**

Reg. No. 3,431,329
Registered May 20, 2008

## TRADEMARK
## SERVICE MARK
## PRINCIPAL REGISTER

# UA

UNITED ARTISTS CORPORATION (DELAWARE CORPORATION)
10250 CONSTELLATION BLVD.
LOS ANGELES, CA 900676241

FOR: MOTION PICTURE FILMS FEATURING ENTERTAINMENT, NAMELY, ACTION ADVENTURES, DRAMAS, COMEDIES, ROMANCES, SCIENCE FICTION, HORROR AND MYSTERIES; PRE-RECORDED AUDIO AND VIDEO TAPES, VIDEO DISCS AND DVDS FEATURING INFORMATION, NEWS, MUSIC AND ENTERTAINMENT IN THE FORM OF LIVE ACTION NARRATIVES AND ANIMATED PRODUCTIONS; MUSICAL SOUND RECORDINGS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-1-1986; IN COMMERCE 12-1-1986.

FOR: ENTERTAINMENT SERVICES, NAMELY, PRODUCTION AND DISTRIBUTION OF A SERIES OF THEATRICAL MOTION PICTURES; PRODUCTION OF TELEVISION PROGRAMS; PROVIDING A WEBSITE FEATURING NEWS, ENTERTAINMENT INFORMATION REGARDING, MOTION PICTURES, TELEVISION PROGRAMMING AND MUSIC; PROVIDING A WEBSITE ON A GLOBAL COMPUTER NETWORK FEATURING A WIDE RANGE OF ENTERTAINMENT RELATED INFORMATION AND MATERIALS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 12-1-1986; IN COMMERCE 12-1-1986.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,625,273 AND 2,246,312.

SER. NO. 78-971,802, FILED 9-11-2006.

ELLEN PERKINS, EXAMINING ATTORNEY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Aug 28 03:47:06 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [          ]  OR  Jump  to record: [          ]  **Record 4 out of 9**

TSDR  Assign Status  TTAB Status  ( *Use the "Back" button of the Internet Browser to return to TESS*)

## UNITED ARTISTS MEDIA GROUP

| | |
|---|---|
| **Word Mark** | UNITED ARTISTS MEDIA GROUP |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Entertainment services, namely, production and distribution of motion pictures. FIRST USE: 20140922. FIRST USE IN COMMERCE: 20141006 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86377232 |
| **Filing Date** | August 26, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 3, 2015 |
| **Registration Number** | 4856577 |
| **Registration Date** | November 17, 2015 |
| **Owner** | (REGISTRANT) United Artists Corporation CORPORATION DELAWARE 245 N. Beverly Drive Beverly Hills CALIFORNIA 90210 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Michael B. Moore |
| **Prior Registrations** | 1624112;3431329;AND OTHERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MEDIA GROUP" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

TSDR now includes a Post Registration Maintenance Tab that appears as a third tab next to the "Status" and "Document"
tabs for registered marks. The tab will not appear if the mark is not registered.

The information provided on the Post Registration Maintenance Tab, including due dates for maintenance documents and
status of renewal and declaration of use filings, is provided as a courtesy and may not be current due to system issues.

**Trademark owners should not rely on the Post Registration Maintenance Tab to determine their maintenance
obligations and deadlines.**

| STATUS | DOCUMENTS | MAINTENANCE | Back to Search | Print |

**Generated on:** This page was generated by TSDR on 2018-08-28 18:16:24 EDT

**Mark:** UNITED ARTISTS MEDIA GROUP

UNITED ARTISTS MEDIA GROUP

| | |
|---|---|
| **US Serial Number:** 86377232 | **Application Filing Date:** Aug. 26, 2014 |
| **US Registration Number:** 4856577 | **Registration Date:** Nov. 17, 2015 |
| **Register:** Principal | |
| **Mark Type:** Service Mark | |



**TM5 Common Status Descriptor:** LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** Registered. The registration date is used to determine when post-registration maintenance documents are due

**Status Date:** Nov. 17, 2015

**Publication Date:** Feb. 03, 2015          **Notice of Allowance Date:** Mar. 31, 2015

## Mark Information

## Related Properties Information

## Goods and Services

## Basis Information (Case Level)

## Current Owner(s) Information

## Attorney/Correspondence Information

## Prosecution History

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

# United States of America

## United States Patent and Trademark Office

# UNITED ARTISTS MEDIA GROUP

**Reg. No. 4,856,577**

**Registered Nov. 17, 2015**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

UNITED ARTISTS CORPORATION (DELAWARE CORPORATION)
245 N. BEVERLY DRIVE
BEVERLY HILLS, CA 90210

FOR: ENTERTAINMENT SERVICES, NAMELY, PRODUCTION AND DISTRIBUTION OF MOTION PICTURES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 9-22-2014; IN COMMERCE 10-6-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,624,112, 3,431,329, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MEDIA GROUP", APART FROM THE MARK AS SHOWN.

SN 86-377,232, FILED 8-26-2014.

DAWN FELDMAN, EXAMINING ATTORNEY



Michelle K. Lee

Director of the United States
Patent and Trademark Office

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Aug 28 03:47:06 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [ ] OR | Jump | to record: [ ] **Record 3 out of 8**

TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## UNITED ARTISTS MEDIA GROUP

| | |
|---|---|
| **Word Mark** | UNITED ARTISTS MEDIA GROUP |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Entertainment services, namely, production and distribution of television programming. FIRST USE: 20140922. FIRST USE IN COMMERCE: 20141006 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86391989 |
| **Filing Date** | September 11, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 10, 2015 |
| **Registration Number** | 4856615 |
| **Registration Date** | November 17, 2015 |
| **Owner** | (REGISTRANT) United Artists Corporation CORPORATION DELAWARE 245 N. Beverly Drive Beverly Hills CALIFORNIA 90210 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Michael B. Moore |
| **Prior Registrations** | 1624112;2091641;3431329;AND OTHERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MEDIA GROUP" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

TSDR now includes a Post Registration Maintenance Tab that appears as a third tab next to the "Status" and "Document" tabs for registered marks. The tab will not appear if the mark is not registered.

The information provided on the Post Registration Maintenance Tab, including due dates for maintenance documents and status of renewal and declaration of use filings, is provided as a courtesy and may not be current due to system issues.

**Trademark owners should not rely on the Post Registration Maintenance Tab to determine their maintenance obligations and deadlines.**

| STATUS | DOCUMENTS | MAINTENANCE | Back to Search | Print |
|---|---|---|---|---|

**Generated on:** This page was generated by TSDR on 2018-08-28 21:02:06 EDT

**Mark:** UNITED ARTISTS MEDIA GROUP

UNITED ARTISTS MEDIA GROUP

**US Serial Number:** 86391989      **Application Filing Date:** Sep. 11, 2014

**US Registration Number:** 4856615      **Registration Date:** Nov. 17, 2015

**Register:** Principal

**Mark Type:** Service Mark

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** Registered. The registration date is used to determine when post-registration maintenance documents are due

**Status Date:** Nov. 17, 2015

**Publication Date:** Feb. 10, 2015      **Notice of Allowance Date:** Apr. 07, 2015

## Mark Information

## Related Properties Information

## Goods and Services

## Basis Information (Case Level)

## Current Owner(s) Information

## Attorney/Correspondence Information

## Prosecution History

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

# United States of America

### United States Patent and Trademark Office

## UNITED ARTISTS MEDIA GROUP

**Reg. No. 4,856,615**

**Registered Nov. 17, 2015**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

UNITED ARTISTS CORPORATION (DELAWARE CORPORATION)
245 N. BEVERLY DRIVE
BEVERLY HILLS, CA 90210

FOR: ENTERTAINMENT SERVICES, NAMELY, PRODUCTION AND DISTRIBUTION OF TELEVISION PROGRAMMING, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 9-22-2014; IN COMMERCE 10-6-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,624,112, 3,431,329, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MEDIA GROUP", APART FROM THE MARK AS SHOWN.

SN 86-391,989, FILED 9-11-2014.

DAWN FELDMAN, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Aug 28 03:47:06 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC |
| NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [ ] OR | Jump | to record: [ ] **Record 2 out of 8**

TSDR | Assign Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



UNITED ARTISTS MEDIA GROUP

| | |
|---|---|
| **Word Mark** | UA UNITED ARTISTS MEDIA GROUP |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Entertainment services, namely, production and distribution of motion pictures, television programs and Internet programming. FIRST USE: 20140922. FIRST USE IN COMMERCE: 20141006 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.17.01 - Bands, straight; Bars, straight; Lines, straight; Straight line(s), band(s) or bar(s) <br> 26.17.05 - Bands, horizontal; Bars, horizontal; Horizontal line(s), band(s) or bar(s); Lines, horizontal <br> 27.03.01 - Geometric figures forming letters, numerals or punctuation |
| **Serial Number** | 86405265 |
| **Filing Date** | September 24, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 3, 2015 |
| **Registration Number** | 4856661 |
| **Registration Date** | November 17, 2015 |
| **Owner** | (REGISTRANT) United Artists Corporation CORPORATION DELAWARE 245 N. Beverly Drive Beverly Hills CALIFORNIA 90210 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Michael B. Moore |
| **Prior Registrations** | 1624112;1625273;3431329;AND OTHERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MEDIA GROUP" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the letter "U" joined together on the right with a character to form the letter "A" with barred lines through the center and the words "UNITED ARTISTS MEDIA GROUP" under the letters "UA". |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC |
| NEXT DOC | LAST DOC |

TSDR now includes a Post Registration Maintenance Tab that appears as a third tab next to the "Status" and "Document" tabs for registered marks. The tab will not appear if the mark is not registered.

The information provided on the Post Registration Maintenance Tab, including due dates for maintenance documents and status of renewal and declaration of use filings, is provided as a courtesy and may not be current due to system issues.

**Trademark owners should not rely on the Post Registration Maintenance Tab to determine their maintenance obligations and deadlines.**

| STATUS | DOCUMENTS | MAINTENANCE | | Back to Search | Print |

**Generated on:** This page was generated by TSDR on 2018-08-28 21:01:28 EDT

**Mark:** UA UNITED ARTISTS MEDIA GROUP



| | |
|---|---|
| **US Serial Number:** 86405265 | **Application Filing Date:** Sep. 24, 2014 |
| **US Registration Number:** 4856661 | **Registration Date:** Nov. 17, 2015 |
| **Register:** Principal | |
| **Mark Type:** Service Mark | |

**TM5 Common Status Descriptor:** 

LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** Registered. The registration date is used to determine when post-registration maintenance documents are due.

**Status Date:** Nov. 17, 2015

**Publication Date:** Feb. 03, 2015          **Notice of Allowance Date:** Mar. 31, 2015

**Mark Information**

**Related Properties Information**

**Goods and Services**

**Basis Information (Case Level)**

**Current Owner(s) Information**

**Attorney/Correspondence Information**

**Prosecution History**

**TM Staff and Location Information**

**Assignment Abstract Of Title Information - Click to Load**

**Proceedings - Click to Load**

# United States of America
## United States Patent and Trademark Office



UNITED ARTISTS MEDIA GROUP

**Reg. No. 4,856,661**

**Registered Nov. 17, 2015**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

UNITED ARTISTS CORPORATION (DELAWARE CORPORATION)
245 N. BEVERLY DRIVE
BEVERLY HILLS, CA 90210

FOR: ENTERTAINMENT SERVICES, NAMELY, PRODUCTION AND DISTRIBUTION OF MOTION PICTURES, TELEVISION PROGRAMS AND INTERNET PROGRAMMING , IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 9-22-2014; IN COMMERCE 10-6-2014.

OWNER OF U.S. REG. NOS. 1,624,112, 3,431,329, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MEDIA GROUP", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LETTER "U" JOINED TOGETHER ON THE RIGHT WITH A CHARACTER TO FORM THE LETTER "A" WITH BARRED LINES THROUGH THE CENTER AND THE WORDS "UNITED ARTISTS MEDIA GROUP" UNDER THE LETTERS "UA".

SN 86-405,265, FILED 9-24-2014.

DAWN FELDMAN, EXAMINING ATTORNEY



Michelle K. Lee

Director of the United States
Patent and Trademark Office

# Exhibit B

Trademark Electronic Search System (TESS) Case 2:19-cv-00820-MWF-MAA Document 1-7 Filed 03/26/20 18:09:45 Page 86 of 429 Page ID #:234

1



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Aug 28 03:47:06 EDT 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [    ] OR Jump | to record: [    ] **Record 1 out of 9**

TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



UNITED ARTISTS
DIGITAL STUDIOS

| **Word Mark** | UA UNITED ARTISTS DIGITAL STUDIOS |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Production and distribution of audio-visual content in the nature of motion picture films, television programs, short-form content and digital series |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 88002587 |
| **Filing Date** | June 15, 2018 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) United Artists Corporation CORPORATION DELAWARE 245 N. Beverly Drive Beverly Hills CALIFORNIA 90210 |
| **Description of Mark** | The color(s) silver is/are claimed as a feature of the mark. The mark consists of the letters UA stylized in silver with the illusion of light reflecting on the letters abover the words UNITED ARTISTS DIGITAL STUDIOS. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

TSDR now includes a Post Registration Maintenance Tab that appears as a third tab next to the "Status" and "Document"
tabs for registered marks. The tab will not appear if the mark is not registered.

The information provided on the Post Registration Maintenance Tab, including due dates for maintenance documents and
status of renewal and declaration of use filings, is provided as a courtesy and may not be current due to system issues.

**Trademark owners should not rely on the Post Registration Maintenance Tab to determine their maintenance
obligations and deadlines.**

| STATUS | DOCUMENTS | | Back to Search | Print |
| --- | --- | --- | --- | --- |

**Generated on:** This page was generated by TSDR on 2018-08-28 18:21:06 EDT

**Mark:** UA UNITED ARTISTS DIGITAL STUDIOS



**US Serial Number:** 88002587     **Application Filing Date:** Jun. 15, 2018

**Filed as TEAS RF:** Yes     **Currently TEAS RF:** Yes

**Register:** Principal

**Mark Type:** Service Mark

**TM5 Common Status Descriptor:**



LIVE/APPLICATION/Awaiting Examination

The trademark application has been accepted by the Office (has
minimum filing requirements) and has not yet been assigned to

**Status:** New application will be assigned to an examining attorney approximately 3 months after filing date.

**Status Date:** Jun. 21, 2018

# Mark Information

# Goods and Services

# Basis Information (Case Level)

# Current Owner(s) Information

# Attorney/Correspondence Information

# Prosecution History

# TM Staff and Location Information

# Assignment Abstract Of Title Information - Click to Load

# Proceedings - Click to Load

# Exhibit C

United Artist Studios - Entertainment Careers



# UNITED ARTIST STUDIOS
### A MOTION PICTURE ENTERTAINMENT COMPANY

NOW PRESENTING   **UNITED ARTIST FILM FESTIVAL**

Contact@UnitedArtistStudios.com

United Artist Studios™ All Rights Reserved

United Artist Film Festival™ All Rights reserved

United Artist Studios™   UnitedArtistStudios.com  ALL RIGHT RESERVED 2017





*Films just don't win with us, they get national theatrical distribution& awareness around the world.*





8/28/2018, 3:54 PM



Copyright © UNITED ARTIST FILM FESTIVAL and UA FILM FESTIVAL. All rights reserved.

# XLI41

A Multinational Entertainment & Technology Conglomerate

Home | Contact

BOSCH

United Artist Studios

LightSheets

United Artist Film Festival

XLI41 all rights reserved 2018

Exhibit D

Case 2:19-cv-01045-vtb-MAA Doc 1   Entered 03/26/20 18:09:45   Page 95 of 129 Page ID #:243





## PRODUCED BY



## OUR PARTNERS

## PRESENTING PARTNER

HA PHUONG FOUNDATION



## PREMIERE PARTNER



## STRATEGIC PARTNER



## MEDIA PARTNERS















## RADIO/TV PARTNERS








**PLATINUM PARTNERS**









**GOLD PARTNERS**















EAST WEST BANK

## SILVER PARTNERS









## HOST VENUE



## SUPPORTING PARTNERS






NOVARTIZAN

## FOUNDATION PARTNERS


























## COMMUNITY PARTNERS




## FESTIVAL PARTNERS











# Exhibit D

## Robert Walsh

| | |
|---|---|
| **From:** | jps@boschmediacorp.com |
| **Sent:** | Friday, September 7, 2018 11:31 AM |
| **To:** | LaTrina Glenn; info@mcs41.com; jps@mcs41.com; films@unitedartistfilmfestival.com |
| **Cc:** | Robert Walsh; contractsandacquisitions@xli41.com; legaldept@sinopecmetropolitan.com |
| **Subject:** | RE: Infringement of United Artists Corporation's Intellectual Property Derived from the United Artist Film Festival by United Artist Studios |

Glenn,

The following email is in my opinion and is how I feel:

Wow, Glenn. That document looks extremely threatening and intimidating. In fact that document could cause someone to be under duress and feel threatened. Was that your intension? Your an attorney, right?

You are incorrect with your assumption and all information. You are incorrect regarding any infringement of United Artists Corporation or MGM/UA.
I don't appreciate the threatening tone of your letter. The fact that you are making false accusations and statements in the attempt to cause droit moral upon myself and my companies is unacceptable and I will not tolerate it. Your threatening tone as an attorney violates your ethics protocol in which you are required to comply with (you know the section that it falls under).

Let me copy/paste just one of your false statements from your threatening document:
"Dear Mr. Schramm: This letter is sent to request that United Artist Studios LLC and United Artist Film Festival LLC ("UA Companies"), and sometimes referred to herein as "you") immediately cease and desist from infringing intellectual property owned by United Artists Corporation through your websites at , , and (the "Websites") (collectively, the "United Artist Services")."

Lets get this straight, UNITED ARTISTS CORPORATION DOES NOT OWN ME. IT DOES NOT OWN UNITED ARTIST STUDIOS. IT NOT DOES IT OWN UNITED ARTIST FILM FESTIVAL. IT DOES NOT OWN XLI41.

Who the fuck do you think you are attempting to challenge my constitutional rights.

United Artist Studios is a multinational conglomerate. Not only is it spelled differently then your MGM/UA or United Artists Corporation, but it is a completely different company with different services that in no way compete, affect or infringe with any aspect and/or division or any part of your company.

United Artist Film Festival is a film festival. Not only is it spelled differently then your MGM/UA or United Artists Corporation, but it is a completely different company with different services that in no way compete, affect or infringe with any aspect and/or division or any part of your company.

BY ADMITTING THAT YOU OWN AND CONTROL MY COMPANIES INFRINGES UPON ME AND MY COMPANIES. THIS IS YOUR OFFICIAL NOTICE TO CEASE DESIS INFRINGING UPON ME AND MY COMPANIES.

You guys had nothing to do with how I came up with the names of my companies. You had nothing to do with it.

I am taking your email and letter as a threat from you as an individual and your companies you represent. The companies have different fonts, logo and services.

You are out of line.

Nice try

Jim

--------- Original Message ---------
Subject: Infringement of United Artists Corporation's Intellectual Property Derived from the United Artist Film Festival by United Artist Studios
From: "LaTrina Glenn" <LGlenn@sheppardmullin.com>
Date: 9/7/18 9:41 am
To: "jps@boschmediacorp.com" <jps@boschmediacorp.com>, "info@mcs41.com" <info@mcs41.com>, "jps@mcs41.com" <jps@mcs41.com>, "films@unitedartistfilmfestival.com" <films@unitedartistfilmfestival.com>
Cc: "Robert Walsh" <RWalsh@sheppardmullin.com>

*Pursuant to Jill Pietrini's request, please see the attached letter.*

LaTrina A. Glenn
Legal Secretary
310.228.2252 | direct

LGlenn@SheppardMullin.com

**SheppardMullin**
**Sheppard Mullin Richter & Hampton LLP**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017

310.228.3700 | main

www.sheppardmullin.com

**(Please note name change and new email address. Thank you.)**

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

## Robert Walsh

| From: | jps@boschmediacorp.com |
|---|---|
| Sent: | Friday, September 7, 2018 1:27 PM |
| To: | LaTrina Glenn; info@mcs41.com; jps@mcs41.com; films@unitedartistfilmfestival.com |
| Cc: | Robert Walsh; legaldept@sinopecmetropolitan.com; contractsandacquisitions@xli41.com |
| Subject: | RE: Infringement of United Artists Corporation's Intellectual Property Derived from the United Artist Film Festival by United Artist Studios |

Jill,

I had one of my departments check this out. You are clearly out of line. 1st, our distribution is BOSCH. 2nd, Our font, spelling, numbers and logos are completely different. 3rd, Our services are different. 4th, Your trade marked for an entertainment company namely production and distribution of motion pictures. On top of all these difference, you don't even actively use the company name. Nobody ever sees it. We might see MGM or MGM/UA or UA media for TV which is different than what we do.

Before you start threatening people, you should do some due diligence and find out who you are dealing with.

If you have anything else that can justify your case, please let me know. Right now, all this looks like to me is the attempt of an attorney, using their power and position to threaten, harass, scare and manipulate an innocent party.


Thank You

Jim


--------- Original Message ---------
Subject: Infringement of United Artists Corporation's Intellectual Property Derived from the United Artist Film Festival by United Artist Studios
From: "LaTrina Glenn" <LGlenn@sheppardmullin.com>
Date: 9/7/18 9:41 am
To: "jps@boschmediacorp.com" <jps@boschmediacorp.com>, "info@mcs41.com" <info@mcs41.com>,
"jps@mcs41.com" <jps@mcs41.com>, "films@unitedartistfilmfestival.com"
<films@unitedartistfilmfestival.com>
Cc: "Robert Walsh" <RWalsh@sheppardmullin.com>

### *Pursuant to Jill Pietrini's request, please see the attached letter.*


LaTrina A. Glenn
Legal Secretary
310.228.2252 | direct

LGlenn@SheppardMullin.com

1

**SheppardMullin**

**Sheppard Mullin Richter & Hampton LLP**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017

310.228.3700 | main

www.sheppardmullin.com

**(Please note name change and new email address.  Thank you.)**

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

2

# Exhibit E

# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
310.228.3700 main
310.228.3701 fax
www.sheppardmullin.com

Jill M. Pietrini
310.228.3723 direct
jpietrini@sheppardmullin.com

September 27, 2018

File Number: 01WA-260403-006

James Schramm
Owner
UNITED ARTIST STUDIOS LLC/UNITED
ARTIST FILM FESTIVAL LLC
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169

**VIA U.S. PRIORITY MAIL & EMAIL:**
**jps@boschmediacorp.com;**
**info@mcs41.com, jps@mcs41.com;**
**films@unitedartistfilmfestival.com**

Re: **Infringement of United Artists Corporation's Intellectual Property
Derived from the _United Artist Film Festival_ by United Artist Studios**

Dear Mr. Schramm:

This letter responds to your correspondence and communications of September 7, 2018 regarding this matter. While we appreciate your prompt response, as an initial matter, please direct all future communications to me or someone I designate and not anyone else in my firm, and refrain from using profanity in your communications. Alternatively, please refer this matter to an attorney for a civil and substantive response.

We have reviewed your arguments in your correspondence and do not find them convincing. In fact, you misapprehend the relevant law and facts in several respects. As a result, we do not believe that any of your assertions have merit, as more fully set forth below.

Your first email upon receiving our cease and desist letter concerning the unauthorized use of intellectual property owned by United Artists by your UA Companies begins by alleging attempts to cause _droit moral_, violations of ethics protocols, and challenges to constitutional rights. These allegations are patently without merit. As you know, the rule of _droit moral_ does not apply here, nor are your constitutional rights being challenged. You are committing trademark infringement. Your right to free speech and alleged artist rights in entertainment works (_droit moral_) are not impinged in any way, and are not defenses to trademark infringement. Nor are the purported violations of ethics protocols.

Your primary defenses asserted in your emails are that (1) the spelling of UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL is different than UNITED ARTISTS, (2) the services offered by your UA Companies are different than those offered by United Artists, and (3) the UA Companies themselves are completely different companies. Your analysis of United Artists' trademark infringement claim is cursory, at best. Your assertion that the marks are distinguishable ignores the prominent and important common use of UNITED ARTIST in the marks and company names, and ignores the related (if not identical) nature of the entertainment services offered by the parties. Furthermore, your argument against confusion based on different services is undercut by the fact that both parties offer entertainment services relating to motion picture films. In your second email, you acknowledge as much, stating, "Your _[sic]_ trade marked for an entertainment company namely production and distribution of motion pictures." Up until at least August 28, 2018, you promoted United Artist Studios on your

## Sheppard Mullin

James Schramm
UNITED ARTIST STUDIOS LLC /
UNITED ARTIST FILM FESTIVAL LLC
September 27, 2018
Page 2

website at unitedartiststudios.com as "a motion picture entertainment company". It is self-evident that two entertainment companies offering entertainment-related services, using essentially the same name, will conflict with one another and cause the relevant consumers to be confused. Thus, your argument fails. We note that you have since changed this wording on your website to describe United Artist Studios as "a multinational conglomerate". That you now call United Artist Studios a "multinational conglomerate" does not change the analysis of a likelihood of confusion.

You further assert in your emails that your "distribution is BOSCH", which is belied by the facts. As stated in our letter, you are using a variation of the UNITED ARTISTS mark without authorization to promote the infringing United Artist Services offered by the UA Companies through your registered domain names unitedartiststudios.com, unitedartistfilmfestival.com and xli41.com, and also promoted by AWFF on its website located at asianworldfilmfest.org/our-2017-sponsors-partners-2. There is no distribution by Bosch on these websites of the infringing United Artist Services. In your LinkedIn profile, you claim ownership of several Bosch-related entities, including Bosch Racing, Bosch International, and Bosch Media. We note that the infringing United Artist Services do not appear anywhere on the websites corresponding to your Bosch companies, namely, boschracing.com, boschintl.com, and boschmediacorp.com (the latter which redirects to boschtec.com) respectively. Nor do your Bosch companies provide distribution for the online content appearing at your domain names or on AWFF's website. In short, your assertion that your distribution is BOSCH is false, but even if true, would be irrelevant.

Another "defense" asserted in your emails is that United Artists does not actively use the company name and "[n]obody ever sees it". The basis of your position appears to be that United Artists does not use its trademarks or that they appear as "MGM or MGM/UA or UA media for TV". You can view, online, the evidence of use submitted to the U.S. Patent & Trademark Office to support United Artists' trademark registrations of its UNITED ARTISTS marks. If you truly believe that United Artists no longer uses its marks, and have any shred of evidence to support your claim, then by all means, please produce it.

Apparently as another "defense" asserted in your emails, you state that MGM and United Artists "had nothing to do with" how you "came up with the names of your companies". Yet your correspondence does not explain how you arrived at selecting the UNITED ARTIST names for your UA Companies. Based on your biography posted at imdb.com/name/nm1682990/bio, you claim to have over fifteen years' experience in the motion picture industry as a theatrical distributor "(Studio level Domestic Theatrical Distribution/Placements of motion pictures, Studio films and Indies)". With such experience, you should be aware of United Artists' nearly one hundred years' existence as a motion picture studio and its vast library of award-winning films and television shows that bear its trademarks. Given the fame of United Artists, one can assume that your process for name selection did not include a trademark clearance or availability search, supported by a trademark attorney's clearance opinion letter. Had you done so, you would have found that the mark UNITED ARTIST was unavailable for use in connection with entertainment-related services. You might have then considered naming your entertainment services after one of your many companies, e.g., Bosch, Metropolitan, or Romar Entertainment. As stated previously, the UNITED ARTISTS marks have acquired substantial fame and goodwill and are associated exclusively with MGM and United Artists. In light of the above facts, it is clear that you selected the name UNITED ARTIST for the infringing United Artists Services with the purpose and intention of passing off your services as of those of United

**Sheppard**Mullin

James Schramm
UNITED ARTIST STUDIOS LLC /
UNITED ARTIST FILM FESTIVAL LLC
September 27, 2018
Page 3

Artists or, at least, drawing a false association with United Artists. In short, your feigned lack of intent to infringe MGM's and United Artist's rights in UNITED ARTISTS will be unsuccessful.

You also state that United Artists' trademark registrations are irrelevant. There is no question that United Artists owns valid, subsisting and incontestable trademark registrations of UNITED ARTISTS, and these registrations of the UNITED ARTIST marks provide our client with presumptions of the validity of the trademarks and of the exclusive right to use the marks throughout the U.S. Further, United Artists' registrations of UNITED ARTISTS in block letters provides United Artists and MGM with protection of the mark UNITED ARTISTS in any format. Thus, United Artists' trademark registrations are clearly relevant to this dispute.

For these reasons, we firmly disagree with your assertions that there is no infringement or false designation of origin, and we reassert United Artists' and MGM's demands set forth in its September 7, 2018, letter to you. We cannot overstate the seriousness with which MGM and United Artists view this matter and their resolve to vindicate their rights. MGM and United Artists are prepared to take further action and seek all remedies available to them for your unlawful acts. If we do not receive a satisfactory response **by October 4, 2018**, MGM and United Artists will proceed as they deem appropriate without further advance notice to you.

Nothing contained in this letter, nor any act or omission to act by MGM and/or United Artists is intended or should be deemed to be a waiver, abridgment, alteration, modification or reduction of any rights, claims, defenses or remedies that MGM and/or United Artists may have in regard to this matter and all such rights, claims, defenses and remedies, whether at law or in equity, are hereby expressly reserved.

Very truly yours,

Jill M. Pietrini
SHEPPARD MULLIN RICHTER & HAMPTON LLP

JMP:RW
cc:    R. Holland Campbell, Esq.
       Robert Walsh

**AGREED AND ACCEPTED:**

UNITED ARTIST STUDIOS LLC /
UNITED ARTIST FILM FESTIVAL LLC

_____     Date: _____
James Schramm
Owner

SMRH:487909851.2

# Exhibit F

## LaTrina Glenn

| | |
|---|---|
| **From:** | Jim Schramm <jps@boschmediacorp.com> |
| **Sent:** | Thursday, September 27, 2018 10:32 PM |
| **To:** | LaTrina Glenn |
| **Cc:** | info@mcs41.com; jps@mcs41.com; films@unitedartistfilmfestival.com; Robert Walsh |
| **Subject:** | Re: Infringement of United Artists Corporation's Intellectual Property Derived from the United Artist Film Festival by United Artist Studios |

I could only get through reading less than a quarter of your long winded and ridiculous letter. I had to stop reading it because it was sooooo bad and green. I thought I was reading a book report from my daughter's sixth grade class.

First of all, who do you think you are placing judgment on me?

Who do you think you are telling me what my rights are?

Who do you think you are telling me how I'm supposed to feel about your attacks and threats with your complete and intentional disregard to reason and accountability.

 You deliberately disregarded any attempt to behave ethical as to establish a respectable conversation and transaction attempting to collectively have a mutual understanding and positive outcome. You choose to use your position as an attorney to threaten and intimidate me in order to manipulate a decision against my will and belief under the duress you deliberately, knowingly and intentionally caused because of what you believe is in your personal opinion and motives.

Sure looks like you violated your ethics rule amongst many other rules that you have violated.

The bottom line is that these are two different companies providing two different services. if you have a problem with that then let's take it up in court and have the judge decide.
I would love to go against you in court. That would be fun. Maybe you'll learn a few things as you get your ass handed to you.

So your partner refuses to call back. OK. He's a fucking asshole now. How unprofessional is that. The sad thing is that he has to act like a pussy and hide behind a woman instead of dealing with me directly like a man.

You are threatening me and you are harassing me.

The legal terms that I used are accurate. You don't need to correct me, you're not my mother or my schoolteacher.

By the way, there is a significant difference between " A motion picture entertainment company" and "entertainment production and distribution company"
Oh, I almost forgot, where in your trademark does it say "film festival" you stupid fuck.

Your corrections are based on your opinion and that is not something you put in the body of the letter to somebody that's smarter than you, besides, I don't give a fuck about your opinion. How I feel is how I feel. What I believe is what I believe and you have no right to tell me what I'm supposed to feel and what I'm supposed to believe.

And don't you ever try to fucking intimidate and threaten me again! Do you fucking understand me?

1

You are definitely Out of line placing judgment on me regarding trademark infringement. You learned this in law school counselor, that you never make judgment based upon your personal opinion. You have to back it up with reference and cross-reference and yet you still cannot place judgment. Placing judgment is not your job. You obviously need to go back and study some more and educate yourself before you open up your mouth. You definitely picked the wrong person to fuck with. I am way over your fucking head.

Instead of trying to strong arm me in which will not work, you should try to work with me and understand me. All you have been doing is causing more damages and pissing me off With your bullshit threats, you're a weak attempt of correcting every word I say based upon your fucked up opinion in which I never asked for. You are wasting my time writing some bullshit fucking document that means absolutely nothing.

Did you just graduate law school or are you just fucking stupid?

Most importantly and please don't ever forget this: don't you ever tell me not to use fucking profanity. Ok.

How's that for a fucking answer.

I just thought about this.
Why should I put up with some fucking green attorney trying to strong arm me.
Watch what happens to the media deals MGM is getting starting tomorrow.

I can't say I did not warn you and your firm Not to threaten and harass me.

I am not going to do anything that's going to benefit somebody who is harassing me and threatening me and because you represent MGM I'm out and I'm not coming back.

When they figure out who bolted and caused the prices of their media to double, I will definitely mention your firm's name, partners name and your name.

So to sum this all up, my response to your letter is go fuck yourself.


:)



Sent from my iPhone

On Sep 27, 2018, at 5:12 PM, LaTrina Glenn <LGlenn@sheppardmullin.com> wrote:

### *Pursuant to Jill Pietrini's request, please see the attached letter.*

**Ms. LaTrina A. Glenn**
Legal Secretary
310.228.2252 | direct
**LGlenn@SheppardMullin.com**

**Sheppard**Mullin
**Sheppard Mullin Richter & Hampton LLP**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
310.228.3700 | main
**www.sheppardmullin.com**

**(Please note name change and new email address. Thank you.)**

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

<Infringement of United Artists Corporation's Intellectual Property Derived from the United Artist Film Festival by United Artist Studios.pdf>

# Exhibit G

**Robert Walsh**

| | |
|---|---|
| **From:** | films@unitedartistfilmfestival.com |
| **Sent:** | Thursday, October 4, 2018 7:03 PM |
| **To:** | LaTrina Glenn; jps@boschmediacorp.com; info@mcs41.com; jps@mcs41.com |
| **Cc:** | Robert Walsh |
| **Subject:** | RE: Infringement_of_United_Artists_Corporation's_Intellect |
| | ual_Property_Derived_from_the_United_Artist_Film_Festiva l_by_United_Artist_Studios |

This is not a infringement on your company. Your trade mark does not have anything related in any way to a film festival. We also have a different spelling and logo. There is absolutely no way anyone can be confused.

We will not cease and dismiss.

-------- Original Message --------
Subject: Infringement_of_United_Artists_Corporation's_Intellect
ual_Property_Derived_from_the_United_Artist_Film_Festiva
l_by_United_Artist_Studios
From: LaTrina Glenn <LGlenn@sheppardmullin.com>
Date: Thu, September 27, 2018 5:12 pm
To: "jps@boschmediacorp.com" <jps@boschmediacorp.com>, "info@mcs41.com"
<info@mcs41.com>, "jps@mcs41.com" <jps@mcs41.com>,
"films@unitedartistfilmfestival.com"
<films@unitedartistfilmfestival.com>
Cc: Robert Walsh <RWalsh@sheppardmullin.com>

*Pursuant to Jill Pietrini's request, please see the attached letter.*

Ms. LaTrina A. Glenn
Legal Secretary
310.228.2252 | direct
LGlenn@**SheppardMullin.com**

**Sheppard**Mullin
**Sheppard Mullin Richter & Hampton LLP**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
310.228.3700 | main
www.sheppardmullin.com

**(Please note name change and new email address. Thank you.)**

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Case 20-01045-abl Doc 1 Entered 03/26/20 18:09:45 Page 116 of 129

# Exhibit H

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 88295004**
**Filing Date: 02/08/2019**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88295004 |
| **MARK INFORMATION** | |
| *MARK | UNITED ARTIST STUDIOS |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | UNITED ARTIST STUDIOS |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Schramm, James Paul |
| **DBA/AKA/TA/Formerly** | DBA XLI Technologies, Inc |
| **INTERNAL ADDRESS** | 3753 Howard Hughes Pkwy suite 200 |
| *STREET | 3753 Howard Hughes Pkwy suite 200 |
| *CITY | LAS VEGAS |
| *STATE (Required for U.S. applicants) | Nevada |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 89169 |
| **PHONE** | 310-871-4046 |
| **EMAIL ADDRESS** | jps@xli41.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **WEBSITE ADDRESS** | www.UnitedArtistStudios.com |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | limited liability company |
| **STATE/COUNTRY WHERE LEGALLY ORGANIZED** | Nevada |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 035 |
| *IDENTIFICATION | Advertising, marketing and promotion services |
| **FILING BASIS** | SECTION 1(a) |

| FIRST USE ANYWHERE DATE | At least as early as 05/30/2018 |
|---|---|
| FIRST USE IN COMMERCE DATE | At least as early as 05/30/2018 |
| SPECIMEN FILE NAME(S) | |
| ORIGINAL PDF FILE | SPE0-9816712212-20190208172422589311_._2019-02-08_15-34-50.pdf |
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT17\IMAGEOUT17\882\950\88295004\xml1\RFA0003.JPG |
| SPECIMEN DESCRIPTION | Logo of United Artist Studios |

## CORRESPONDENCE INFORMATION

| NAME | Schramm, James Paul |
|---|---|
| FIRM NAME | Schramm, James Paul |
| INTERNAL ADDRESS | 3753 Howard Hughes Pkwy suite 200 |
| STREET | 3753 Howard Hughes Pkwy suite 200 |
| CITY | LAS VEGAS |
| STATE | Nevada |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 89169 |
| PHONE | 310-871-4046 x89169 |
| *EMAIL ADDRESS | jps@xli41.com; info@xli41.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| APPLICATION FILING OPTION | TEAS RF |
|---|---|
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 275 |
| *TOTAL FEE DUE | 275 |
| *TOTAL FEE PAID | 275 |

## SIGNATURE INFORMATION

| SIGNATURE | /James Paul Schramm/ |
|---|---|
| SIGNATORY'S NAME | James Paul Schramm |
| SIGNATORY'S POSITION | Owner |
| SIGNATORY'S PHONE NUMBER | 310-871-4046 |
| DATE SIGNED | 02/08/2019 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 88295004**
**Filing Date: 02/08/2019**

## To the Commissioner for Trademarks:

**MARK:** UNITED ARTIST STUDIOS (Standard Characters, see mark)
The literal element of the mark consists of UNITED ARTIST STUDIOS.
The mark consists of standard characters, without claim to any particular font style, size, or color.

The applicant, Schramm, James Paul, DBA XLI Technologies, Inc, a limited liability company legally organized under the laws of Nevada, having an address of

    3753 Howard Hughes Pkwy suite 200
    3753 Howard Hughes Pkwy suite 200
    LAS VEGAS, Nevada 89169
    United States
    310-871-4046(phone)
    jps@xli41.com

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 035:  Advertising, marketing and promotion services

In International Class 035, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 05/30/2018, and first used in commerce at least as early as 05/30/2018, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Logo of United Artist Studios.

**Original PDF file:**
SPE0-9816712212-20190208172422589311 _ . 2019-02-08_15-34-50.pdf
**Converted PDF file(s)** (1 page)
Specimen File1


For informational purposes only, applicant's website address is: www.UnitedArtistStudios.com
The applicant's current Correspondence Information:

    Schramm, James Paul

    Schramm, James Paul

    3753 Howard Hughes Pkwy suite 200

    3753 Howard Hughes Pkwy suite 200

    LAS VEGAS, Nevada 89169

    310-871-4046 x89169(phone)

    jps@xli41.com;info@xli41.com (authorized)
**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant, the applicant's attorney, or the applicant's domestic representative at the e-mail address provided in this application. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Reduced Fee status and a requirement to submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

☑ **Basis:**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /James Paul Schramm/   Date: 02/08/2019
Signatory's Name: James Paul Schramm
Signatory's Position: Owner
Payment Sale Number: 88295004
Payment Accounting Date: 02/11/2019

Serial Number: 88295004
Internet Transmission Date: Fri Feb 08 18:59:41 EST 2019
TEAS Stamp: USPTO/BAS-XX.XXX.XXX.XX-2019020818594177
3121-88295004-620843606be8e63e372a76a128
9aa977ddefb5e7bb29e6ca28eda043ecc37974-C
C-5430-20190208172422589311

Case 20-01045-abl Doc 1 Entered 03/26/20 18:09:45 Page 121 of 129

# UNITED ARTIST STUDIOS

Case 20-01045-abl Doc 1 Entered 03/26/20 18:09:45 Page 122 of 129



Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 88294846**
**Filing Date: 02/08/2019**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88294846 |
| **MARK INFORMATION** | |
| *MARK | UNITED ARTIST FILM FESTIVAL |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | UNITED ARTIST FILM FESTIVAL |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Schramm, James Paul |
| **DBA/AKA/TA/Formerly** | DBA XLI Technologies, Inc |
| **INTERNAL ADDRESS** | 3753 Howard Hughes Pkwy suite 200 |
| *STREET | 3753 Howard Hughes Pkwy suite 200 |
| *CITY | LAS VEGAS |
| *STATE (Required for U.S. applicants) | Nevada |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 89169 |
| **PHONE** | 310-871-4046 |
| **EMAIL ADDRESS** | jps@xli41.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **WEBSITE ADDRESS** | www.UnitedArtistFilmFestival.com |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | limited liability company |
| **STATE/COUNTRY WHERE LEGALLY ORGANIZED** | Nevada |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 041 |
| *IDENTIFICATION | Entertainment services, namely, planning and conducting a series of film festivals |

| | |
|---|---|
| **FILING BASIS** | SECTION 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 05/30/2018 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 05/30/2018 |
| **SPECIMEN FILE NAME(S)** | |
| **ORIGINAL PDF FILE** | SPE0-9816712212-20190208164302746648_._2019-02-08_11-34-42.pdf |
| **CONVERTED PDF FILE(S)** **(1 page)** | \\TICRS\EXPORT17\IMAGEOUT17\882\948\88294846\xml1\APP0003.JPG |
| **SPECIMEN DESCRIPTION** | Logo of United Artist Film Festival |
| **CORRESPONDENCE INFORMATION** | |
| **NAME** | Schramm, James Paul |
| **FIRM NAME** | Schramm, James Paul |
| **INTERNAL ADDRESS** | 3753 Howard Hughes Pkwy suite 200 |
| **STREET** | 3753 Howard Hughes Pkwy suite 200 |
| **CITY** | LAS VEGAS |
| **STATE** | Nevada |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 89169 |
| **PHONE** | 310-871-4046 |
| **EMAIL ADDRESS** | jps@xli41.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **FEE INFORMATION** | |
| **APPLICATION FILING OPTION** | Regular TEAS |
| **NUMBER OF CLASSES** | 1 |
| **APPLICATION FOR REGISTRATION PER CLASS** | 400 |
| *****TOTAL FEE DUE** | 400 |
| *****TOTAL FEE PAID** | 400 |
| **SIGNATURE INFORMATION** | |
| **SIGNATURE** | /James Schramm/ |
| **SIGNATORY'S NAME** | James Schramm |
| **SIGNATORY'S POSITION** | Owner |
| **SIGNATORY'S PHONE NUMBER** | 310-871-4046 |
| **DATE SIGNED** | 02/08/2019 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 88294846**
**Filing Date: 02/08/2019**

## To the Commissioner for Trademarks:

**MARK:** UNITED ARTIST FILM FESTIVAL (Standard Characters, see mark)
The literal element of the mark consists of UNITED ARTIST FILM FESTIVAL.
The mark consists of standard characters, without claim to any particular font style, size, or color.

The applicant, Schramm, James Paul, DBA XLI Technologies, Inc, a limited liability company legally organized under the laws of Nevada, having an address of
    3753 Howard Hughes Pkwy suite 200
    3753 Howard Hughes Pkwy suite 200
    LAS VEGAS, Nevada 89169
    United States
    310-871-4046(phone)
    jps@xli41.com

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 041:  Entertainment services, namely, planning and conducting a series of film festivals

In International Class 041, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 05/30/2018, and first used in commerce at least as early as 05/30/2018, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Logo of United Artist Film Festival.

**Original PDF file:**
SPE0-9816712212-20190208164302746648_._2019-02-08_11-34-42.pdf
**Converted PDF file(s)** (1 page)
Specimen File1

For informational purposes only, applicant's website address is: www.UnitedArtistFilmFestival.com
The applicant's current Correspondence Information:
    Schramm, James Paul
    Schramm, James Paul
    3753 Howard Hughes Pkwy suite 200
    3753 Howard Hughes Pkwy suite 200
    LAS VEGAS, Nevada 89169
    310-871-4046(phone)
    jps@xli41.com (authorized)

A fee payment in the amount of $400 has been submitted with the application, representing payment for 1 class(es).

## Declaration

☑ **Basis:**
    **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;

- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /James Schramm/   Date: 02/08/2019
Signatory's Name: James Schramm
Signatory's Position: Owner
Payment Sale Number: 88294846
Payment Accounting Date: 02/11/2019

Serial Number: 88294846
Internet Transmission Date: Fri Feb 08 17:20:19 EST 2019
TEAS Stamp: USPTO/BAS-XX.XXX.XXX.XX-2019020817201905
6942-88294846-6207a1e950735643b5f526ce2a
ebb7062c742af6699447274dfc681e32ef15247-
CC-4207-20190208164302746648

# UNITED ARTIST FILM FESTIVAL



## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Holley Driggs and that on the 26th day of March 2020, I caused to be served a true and correct copy of COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS PURSUANT TO 11 U.S.C. § 523(a)(6) in the following manner:

☒　(ELECTRONIC SERVICE)　Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐　(UNITED STATES MAIL)　By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐　(OVERNIGHT COURIER)　By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐　(FACSIMILE)　That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

　/s/ Olivia Swibies
An employee of Holley Driggs

13900-01/2414140_4.docx